NELSON MULLINS RILEY & SCARBOROUGH LLP
LISA M. GIBSON (SBN 194841)
SHAWTINA F. LEWIS (SBN 259255)
CRISPIN COLLINS (SBN 311755)
19191 South Vermont Ave., Suite 900
Torrance, CA 90502
Telephone: 424.221.7400
Facsimile: 424.221.7499
Email: lisa.gibson@nelsonmullins.com
shawtina.lewis@nelsonmullins.com
crispin.collins@nelsonmullins.com

Attorneys for Defendant
MCLAREN AUTOMOTIVE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

| | |
|---|---|
| ADDE ISSAGHOLI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MCLAREN AUTOMOTIVE, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-07616-MCS (KKx)<br><br>**DEFENDANT MCLAREN AUTOMOTIVE, INC.'S MOTION IN LIMINE NO. 2 TO EXCLUDE ANY EVIDENCE OR REFERENCE TO RECALLS OR OPEN CAMPAIGNS**<br><br>Complaint Filed: July 31, 2019<br>[Los Angeles County Superior Court Case No. 19STCV26670] |

McLaren Automotive, Inc. ("MAI") submits the following Motion in Limine No. 2 to exclude any evidence or reference to recalls or open campaigns. This motion is made following the conference of counsel.

## I.  INTRODUCTION

This breach of warranty "lemon law" action involves a 2018 McLaren 720s (VIN SBM14DCA0JW002356) (the "Vehicle"), which was leased by plaintiff Adde Issagholi ("Plaintiff") on September 28, 2018 for $290,204.08, with 60 miles on it.  The Vehicle is essentially a hand-built race car for street use, generally referred to as being a "supercar" because of its high performance characteristics.

MAI anticipates Plaintiff will attempt reference and/or introduce evidence regarding recalls or open service campaigns, even though they are completely irrelevant to the issues in this case.  Accordingly, this motion should be granted.

## II.  EVIDENCE REGARDING RECALLS AND/OR OPEN CAMPAIGNS IS IRRELEVANT TO THE ISSUES IN THIS ACTION

A plaintiff-consumer is not required to prove the cause of a defect or failure, only that the vehicle "did not conform to the express warranty." *Oregel v. American Isuzu Motors, Inc.*, 90 Cal.App.4th 1094, 1102 (2001); *see also* Judicial Council of California Civil Jury Instruction No. 3201.  As such, evidence and testimony regarding a recall involving an unrelated issue cannot prove a warrantable defect in the subject vehicle.  Accordingly, any and all such evidence and testimony must be completely barred from this trial.

The issue here is whether Plaintiff's vehicle exhibited substantial defects covered by MAI's written warranties that its dealers were unable to repair after a reasonable number of attempts. *See* Cal Civ. Code § 1793.2(d)(2)(B).  The mere existence of a recall in a vacuum establishes nothing more than the simple fact that a recall may exist.  The evidence does not demonstrate the vehicle fails to conform to the warranty.  Thus, the evidence is wholly irrelevant.

Further, a technical service bulletin is not an admission of a defect, because technical service bulletins are routinely issued to dealers to help diagnose and repair typical complaints. *American Honda Motor Co. v. Superior Court*, 199 Cal. App. 4th 1367, 1378 (2011). Any arguments, references and/or testimony by

2

CASE NO.: 2:19-cv-07616 MCS (KKx)
DEFENDANT MCLAREN AUTOMOTIVE INC'S MOTION IN LIMINE NO. 2 TO EXCLUDE ANY EVIDENCE OR REFERENCE TO RECALLS OR OPEN CAMPAIGNS

Plaintiff and Plaintiff's counsel regarding service bulletins, notices of recall and open campaigns not at issue in this lawsuit are irrelevant. Accordingly, they are inadmissible because they have no tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of an action. Fed. R. Evid. 401. Such information is not at issue in this lawsuit and should be excluded because its probative value, if any, does not outweigh the danger of unfair prejudice and of confusing the issues. Fed. R. Evid. 403.

MAI submits this Court must bar the introduction of any reference to evidence or testimony regarding recalls or open campaigns from Plaintiff, his experts, and other witnesses. Alternatively, the Court should hold a hearing outside the presence of the jury in which plaintiff is required to make a showing of the relevance and admissibility of any such evidence prior to its admission at trial.

## III.  CONCLUSION

For the foregoing reasons, the Court should enter an order precluding any evidence or referring in any manner to recalls or open campaigns. Alternatively, the Court should hold a hearing outside the presence of the jury in which plaintiff is required to make a showing of the relevance and admissibility of any such evidence prior to its admission at trial.

Dated: October 19, 2020

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By /s/ Lisa M. Gibson

Lisa M. Gibson
Shawtina F. Lewis
Attorneys for Defendant
MCLAREN AUTOMOTIVE, INC.

3

CASE NO.: 2:19-cv-07616 MCS (KKx)
DEFENDANT MCLAREN AUTOMOTIVE INC'S MOTION IN LIMINE NO. 2 TO EXCLUDE ANY EVIDENCE OR REFERENCE TO RECALLS OR OPEN CAMPAIGNS

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2020, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses for counsel of record registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

By: /s/ *Lisa M. Gibson*
Lisa M. Gibson

4

CASE NO.: 2:19-cv-07616 MCS (KKx)
DEFENDANT MCLAREN AUTOMOTIVE INC'S MOTION IN LIMINE NO. 2 TO EXCLUDE ANY EVIDENCE OR REFERENCE TO RECALLS OR OPEN CAMPAIGNS