NELSON MULLINS RILEY & SCARBOROUGH LLP
LISA M. GIBSON (SBN 194841)
SHAWTINA F. LEWIS (SBN 259255)
CRISPIN COLLINS (SBN 311755)
19191 South Vermont Ave., Suite 900
Torrance, CA  90502
Telephone:  424.221.7400
Facsimile:  424.221.7499
Email:  lisa.gibson@nelsonmullins.com
shawtina.lewis@nelsonmullins.com
crispin.collins@nelsonmullins.com

Attorneys for Defendant
MCLAREN AUTOMOTIVE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

| | |
|---|---|
| ADDE ISSAGHOLI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MCLAREN AUTOMOTIVE, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-07616-MCS (KKx)<br><br>**DEFENDANT MCLAREN AUTOMOTIVE, INC.'S MOTION IN LIMINE NO. 3 TO EXCLUDE ANY EVIDENCE OR ARGUMENT REGARDING PLAINTIFF'S EXPECTATIONS REGARDING THE VEHICLE**<br><br>Complaint Filed: July 31, 2019<br>[Los Angeles County Superior Court Case No. 19STCV26670] |

McLaren Automotive, Inc. ("MAI") submits the following Motion in Limine No. 3 to exclude any evidence or argument regarding Plaintiff's expectations regarding the vehicle.  This Motion is made following the conference of counsel.

## I. INTRODUCTION

This breach of warranty "lemon law" action involves a 2018 McLaren 720s (VIN SBM14DCA0JW002356) (the "Vehicle"), which was leased by plaintiff Adde Issagholi ("Plaintiff") on September 28, 2018 for $290,204.08, with 60 miles on it. The Vehicle is essentially a hand-built race car for street use, generally referred to as being a "supercar" because of its high performance characteristics.

MAI anticipates that Plaintiff will attempt to reference and/or to introduce evidence or testimony regarding his personal expectations for the Vehicle and whether the Vehicle met those expectations. However, as set forth below, Plaintiff should be precluded from offering any such evidence or testimony.

## II. EVIDENCE REGARDING PLAINTIFF'S EXPECTATIONS ABOUT THE VEHICLE IS IRRELEVANT

Plaintiff should be precluded from presenting either evidence or argument about his subjective expectations relating to the Vehicle. Under the Song-Beverly Consumer Warranty Act, "Express warranty" means:

> (1) A written statement arising out of a sale to the consumer of a consumer good pursuant to which the manufacturer, distributor, or retailer undertakes to preserve or maintain the utility or performance of the consumer good or provide compensation if there is a failure in utility or performance; or
>
> (2) In the event of any sample or model, that the whole of the goods conforms to such sample or model.

Cal. Civil Code § 1791.2(a).

"It is not necessary to the creation of an express warranty that formal words such as 'warrant' or 'guarantee' be used, but if such words are used then an express warranty is created. An affirmation merely of the value of the goods or a statement purporting to be merely an opinion or commendation of the goods does not create a warranty." Cal. Civil Code § 1791.2(b). "Statements or representations such as expressions of general policy concerning customer satisfaction which are

2

CASE NO.: 2:19-cv-07616 MCS (KKx)
DEFENDANT MCLAREN AUTOMOTIVE INC'S MOTION IN LIMINE NO. 2 TO EXCLUDE ANY EVIDENCE OR REFERENCE TO RECALLS OR OPEN CAMPAIGNS

not subject to any limitation do not create an express warranty." Cal. Civil Code § 1791.2(c).

MAI did not warrant that Plaintiff's Vehicle would meet Plaintiff's expectations. Rather, the express warranty provides that MAI will repair under warranty, without charge to the owner, any defects in material or workmanship with the McLaren vehicle during the limited warranty period.

"Implied warranty of merchantability" or "implied warranty that goods are merchantable" means that the consumer goods meet each of the following:

> (1) Pass without objection in the trade under the contract description.
>
> (2) Are fit for the ordinary purposes for which such goods are used.
>
> (3) Are adequately contained, packaged, and labeled.
>
> (4) Conform to the promises or affirmations of fact made on the container or label.

Cal. Civil Code § 1791.1(a).

Plaintiff's expectations are not relevant to the determination whether there was a breach of warranty in this case. Testimony or argument concerning Plaintiff's expectations about the vehicle, or Plaintiff's dissatisfaction with the vehicle, are inconsistent with the rule set forth in Civil Code § 1791.2(c) that, "[s]tatements or representations such as expressions of general policy concerning customer satisfaction which are not subject to any limitation do not create an express warranty."  As such, any such evidence is irrelevant and will be unduly prejudicial to MAI.

### III. THE PROBATIVE VALUE, IF ANY, OF THE EVIDENCE IS OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE AND MISLEADING THE JURY

The probative value of evidence concerning Plaintiff's expectations, if any, is substantially outweighed by the danger of unfair prejudice to MAI and

3

CASE NO.: 2:19-cv-07616 MCS (KKx)
DEFENDANT MCLAREN AUTOMOTIVE INC'S MOTION IN LIMINE NO. 2 TO EXCLUDE ANY EVIDENCE OR REFERENCE TO RECALLS OR OPEN CAMPAIGNS

misleading the jury. A warrantor's liability for breach of an express warranty derives from, and is measured by, the terms of the warranty. *Cipollone v. Liggett Group*, 505 U.S. 504, 525 (1992). Since express warranties are contractual in nature, the language of the warranty itself is what controls and dictates the obligations and rights of the parties. *Oggi Trattoria & Caffe, Ltd. v. Isuzu Motors America, Inc.*, 372 Ill. App. 3d 354, 360 (2007).

Plaintiff's expectations are not a factor the jury may properly take into consideration in determining whether there has been a substantial impairment of a vehicle's use, value or safety. Rather, the jury may only consider things such as "[t]he nature of the alleged defect; [t]he cost and length of the time required for repair; [w]hether past repair attempts have been successful; [t]he degree to which the vehicle could be used while awaiting repair; [and] [t]he availability and cost of comparable transportation during the repairs." *See* CACI 3204 - "Substantially Impaired" Explained. Therefore, Plaintiff's expectations are irrelevant.

Consumer expectations are not relevant in this case because it is a Song-Beverly breach of warranty case which does not involve personal injuries. A products liability theory of "consumer expectations" is not applicable in a breach of warranty action. Plaintiff's expectations are not an element of Plaintiff's causes of action for breach of express warranty or breach of the implied warranty of merchantability. *See* CACI 3201 - Failure to Promptly Repurchase or Replace New Motor Vehicle After Reasonable Number of Repair Opportunities – Essential Factual Elements Cal. Civ. Code § 1793.2(d). CACI 3201 provides:

> To establish this claim, [name of plaintiff] must prove all of the following:
>
> 1. That [name of plaintiff] [bought/leased] [a/an] [new motor vehicle] [from/distributed by/manufactured by] [name of defendant];
>
> 2. That [name of defendant] gave [name of plaintiff] a written warranty that [describe alleged express warranty];

4

CASE NO.: 2:19-cv-07616 MCS (KKx)
DEFENDANT MCLAREN AUTOMOTIVE INC'S MOTION IN LIMINE NO. 2 TO EXCLUDE ANY EVIDENCE OR REFERENCE TO RECALLS OR OPEN CAMPAIGNS

> 3. That the vehicle had [a] defect[s] that [was/were] covered by the warranty and that substantially impaired its use, value, or safety to a reasonable person in [name of plaintiff]'s situation;
>
> 4. [That [name of plaintiff] delivered the vehicle to [name of defendant] or its authorized repair facility for repair of the defect[s];] [or]
>
> [That [name of plaintiff] notified [name of defendant] in writing of the need for repair of the defect[s] because [he/she] reasonably could not deliver the vehicle to [name of defendant] or it authorized repair facility because of the nature of the defect[s];]
>
> 5. That [name of defendant] or its authorized repair facility failed to repair the vehicle to match the written warranty after a reasonable number of opportunities to do so; and
>
> 6. That [name of defendant] did not promptly replace or buy back the vehicle.

Additionally, CACI 3210. Breach of Implied Warranty of Merchantability – Essential Factual Elements provides:

> To establish this claim, [name of plaintiff] must prove all of the following:
>
> 1. That [name of plaintiff] bought a[n] [consumer good] [from/manufactured by] [name of defendant];
>
> 2. That at the time of purchase [name of defendant] was in the business of [selling [consumer goods] to retail buyers/manufacturing [consumer goods]]; and
>
> 3. That the [consumer good] [insert one or more of the following:] [was not of the same quality as those generally acceptable in the trade;] [or]
>
> [was not fit for the ordinary purposes for which the goods are used;] [or]
>
> [was not adequately contained, packaged, and labeled;] [or]
>
> [did not measure up to the promises or facts stated on the container or label].

A plaintiff's expectation is not an element of the breach of warranty theories. As such, any evidence of Plaintiff's expectation will be unduly prejudicial to MAI and mislead the jury into forming improper opinions regarding the case. Accordingly, Plaintiff should be precluded from presenting any argument,

5

CASE NO.: 2:19-cv-07616 MCS (KKx)
DEFENDANT MCLAREN AUTOMOTIVE INC'S MOTION IN LIMINE NO. 2 TO EXCLUDE ANY EVIDENCE OR REFERENCE TO RECALLS OR OPEN CAMPAIGNS

testimony or evidence concerning what Plaintiff's expectations were regarding the Vehicle or whether the vehicle met those expectations. Fed. R. Evid. 403.

## IV.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court issue an Order excluding any testimony, evidence or argument regarding Plaintiff's expectations with respect to the Vehicle and whether the Vehicle met Plaintiff's expectations.

Dated:  October 19, 2020         Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By _____
Lisa M. Gibson
Shawtina F. Lewis
Attorneys for Defendant
MCLAREN AUTOMOTIVE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2020, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses for counsel of record registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

By: /s/ *Lisa M. Gibson*
Lisa M. Gibson

6

CASE NO.: 2:19-cv-07616 MCS (KKx)
DEFENDANT MCLAREN AUTOMOTIVE INC'S MOTION IN LIMINE NO. 2 TO EXCLUDE ANY EVIDENCE OR REFERENCE TO RECALLS OR OPEN CAMPAIGNS