NELSON MULLINS RILEY & SCARBOROUGH LLP
LISA M. GIBSON (SBN 194841)
SHAWTINA F. LEWIS (SBN 259255)
CRISPIN COLLINS (SBN 311755)
19191 South Vermont Ave., Suite 900
Torrance, CA  90502
Telephone:  424.221.7400
Facsimile:  424.221.7499
Email:   lisa.gibson@nelsonmullins.com
            shawtina.lewis@nelsonmullins.com
            crispin.collins@nelsonmullins.com

Attorneys for Defendant
MCLAREN AUTOMOTIVE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

| | |
|---|---|
| ADDE ISSAGHOLI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MCLAREN AUTOMOTIVE, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-07616-MCS (KKx)<br><br>**DEFENDANT MCLAREN AUTOMOTIVE, INC.'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OR CLAIM OF DAMAGES TO PLAINTIFF; DECLARATION OF LISA M. GIBSON**<br><br>Complaint Filed: July 31, 2019<br>[Los Angeles County Superior Court Case No. 19STCV26670] |

McLaren Automotive, Inc. ("MAI") submits the following Motion in Limine No. 4 to exclude evidence or claim of damages to plaintiff Adde Issagholi.  This Motion is made following the conference of counsel.

## I. INTRODUCTION

This breach of warranty "lemon law" action involves a 2018 McLaren 720s (VIN SBM14DCA0JW002356) (the "Vehicle"), which was leased by plaintiff Adde Issagholi ("Plaintiff") on September 28, 2018 for $290,204.08, with 60 miles on it. The Vehicle is essentially a hand-built race car for street use, generally referred to as being a "supercar" because of its high performance characteristics.

Throughout the course of this litigation, Plaintiff has engaged in a juvenile game of hide-and-seek by refusing to produce written discovery and information in response to Defendant's requests, failing to cooperate in helping to schedule the deposition of Plaintiff's 50 percent business partner despite her disclosure by Plaintiff as a witness possessing relevant information, unreasonably resisting Respondent's amended notice to inspect the subject vehicle, and exhibiting a total lack of candor during cross examination, in particular about damages, in deposition. Allowing Plaintiff to produce evidence relating to damages which was not disclosed would be unfairly prejudicial as it would mislead and confuse the jury into believing that Plaintiff is entitled to damages in this matter which are not recoverable. Consequently, such evidence should be excluded under Federal Rule of Evidence 403.

Significantly, the undisputed facts also establish that any damages incurred in connection with the Vehicle were actually incurred by Plaintiff's business, not Plaintiff. The lease and insurance payments for the Vehicle were made by MereXMortals, a business that Plaintiff has a 50% ownership. As such, if Plaintiff were to prove his claims in this action, it is actually the business that sustained damages, not Plaintiff.

MAI anticipates Plaintiff will attempt to introduce evidence or claim he sustained damages in this action, even though the evidence establishes the opposite. Accordingly, this motion should be granted.

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

2

CASE NO.: 2:19-cv-07616 MCS (KKx)
DEFENDANT MCLAREN AUTOMOTIVE INC'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF CLAIM OF DAMAGES TO PLAINTIFF

## II. **PLAINTIFF HAS NOT DISCLOSED EVIDENCE THAT HE SUSTAINED DAMAGES, AS OPPOSED TO HIS COMPANY**

The federal rules of discovery require a party to disclose evidence regarding the damages the party allegedly sustained. Here, the discovery process revealed that Plaintiff's business, MereXMortals, made the lease and insurance payments for the Vehicle. Plaintiff did not disclose any evidence that he personally sustained any damages related to the Vehicle.

In order to recover under the Song-Beverly Act, a plaintiff must establish that he has been "damaged" by a violation of the Act. Cal. Civ. Code § 1794(a). A plaintiff is only entitled to recover monetary damages actually incurred under the Song-Beverly Consumer Warranty Act. *Bishop v. Hyundai Motor America*, 44 Cal. App. 4th 750, 758 (1996).

In *Bishop*, the plaintiff argued that she was entitled to compensation for loss of use of the vehicle even though she did not incur any out of pocket loss. The Court rejected plaintiff's contention and held that only damages for monetary losses actually incurred were allowed under the Act. The Court recognized that under Civil Code section 1794, a plaintiff may only recover specified actual damages for breach of warranty. *Id*. at 757-58, *citing Kwan v. Mercedes-Benz of North America, Inc*., 23 Cal. App. 4th 174 (1994). The Court stated:

> The limitation is consistent with all other statutory provisions and authorities referring to breach of contract damages in that it permits a buyer to recover monetary losses, but not be 'compensated' for 'losses' resulting in no monetary deprivation.

*Id*. at 758.

It is undisputed that Plaintiff did not make any lease or insurance payments for the Vehicle. Plaintiff also did not produce any facts or documents to establish he personally sustained any losses or damages with the Vehicle. Plaintiff also failed to provide a single document in response to Defendant's Request Nos. 3 (for all documents supporting Plaintiff's claim for damages) and 9 (for all documents

3

CASE NO.: 2:19-cv-07616 MCS (KKx)
DEFENDANT MCLAREN AUTOMOTIVE INC'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF CLAIM OF DAMAGES TO PLAINTIFF

relating to Plaintiff's out of pocket costs and expenses). In response to Defendant's Interrogatory Nos. 7, 8 and 9 requesting Plaintiff provide the total amount of all damages, including actual, incidental and consequential costs as well as out of pocket expense incurred, Plaintiff provided nothing in terms of an amount paid by him at lease signing. (Exs. 1, 2.)

It was not until MAI filed a motion for summary judgment that Plaintiff attempted to submit a self-serving, contradictory sham declaration stating he personally made some payments to try to create a genuine issue of material fact. However, established law holds a party cannot create an issue of fact by a declaration contradicting his or her own deposition or other sworn testimony. *See Cleveland v. Policy Mgmt. Systems Corp.*, 526 U.S. 795, 806 (1999); *Van Asdale v. International Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009).

Accordingly, Plaintiff must be precluded from introducing any evidence or claim that he sustained damages.

## III. THE COURT SHOULD EXCLUDE EVIDENCE REGARDING ALLEGED CONSEQUENTIAL, OUT OF POCKET AND LOSS OF USE DAMAGES UNDER FEDERAL RULE OF EVIDENCE RULE 403

The Court has the inherent power to exclude evidence, even if relevant, when the prejudicial impact of the evidence outweighs its probative value. Federal Rule of Evidence 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Here, Plaintiff failed to produce evidence that he personally sustained damages in connection with the Vehicle. Plaintiff also admitted a business made lease and insurance payments for the Vehicle.

4

CASE NO.: 2:19-cv-07616 MCS (KKx)
DEFENDANT MCLAREN AUTOMOTIVE INC'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF CLAIM OF DAMAGES TO PLAINTIFF

Accordingly, permitting Plaintiff to present evidence of alleged damages, including those for consequential, out of pocket and loss of use, to the jury would be confusing and misleading insofar as it presents a substantial risk that the jury would confuse the issues and determine that Plaintiff would be entitled to damages which were not disclosed and which were not actually incurred by Plaintiff. Accordingly, to avoid prejudice to MAI, this evidence should be excluded.

## IV.   CONCLUSION

For the foregoing reasons, the Court should enter an order precluding any evidence or claim of damages to plaintiff Adde Issagholi.

Dated:  October 19, 2020

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By _____
Lisa M. Gibson
Shawtina F. Lewis
Attorneys for Defendant
MCLAREN AUTOMOTIVE, INC.

5

CASE NO.: 2:19-cv-07616 MCS (KKx)
DEFENDANT MCLAREN AUTOMOTIVE INC'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF CLAIM OF DAMAGES TO PLAINTIFF

## DECLARATION OF LISA M. GIBSON

1. I am an attorney at law, duly licensed to practice before all courts of the State of California. I am a Partner with the law firm of Nelson, Mullins, Riley & Scarborough LLP, counsel of record for Defendant McLaren Automotive, Inc. ("MAI") in this matter. I make this Declaration in Support of MAI's motion in limine. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. On March 6, 2020, MAI served the first set of requests for production and interrogatories to plaintiff. True and correct copies of the requests are attached hereto as **Exhibit 1**.

3. On May 1, 2020, Plaintiff served responses to the first set of requests for production and interrogatories. True and correct copies of the responses are attached hereto as **Exhibit 2**.

4. I have been personally involved in conducting discovery in this matter. Throughout the course of this litigation, Plaintiff and/or his counsel has engaged in a juvenile game of hide-and-seek by refusing to produce written discovery and information in response to Defendant's requests, failing to cooperate in helping to schedule the deposition of Plaintiff's 50 percent business partner despite her disclosure by Plaintiff as a witness possessing relevant information, unreasonably resisting Respondent's amended notice to inspect the subject vehicle and exhibiting a total lack of candor during cross examination, in particular about damages, in deposition.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 19th day of October, 2020, at Torrance, California.

*/s/ Lisa M. Gibson*
Lisa M. Gibson

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2020, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses for counsel of record registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

By: /s/ *Lisa M. Gibson*
Lisa M. Gibson

7

CASE NO.: 2:19-cv-07616 MCS (KKx)
DEFENDANT MCLAREN AUTOMOTIVE INC'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF CLAIM OF DAMAGES TO PLAINTIFF