NELSON MULLINS RILEY & SCARBOROUGH LLP
LISA M. GIBSON (SBN 194841)
SHAWTINA F. LEWIS (SBN 259255)
CRISPIN COLLINS (SBN 311755)
19191 South Vermont Ave., Suite 900
Torrance, CA  90502
Telephone:  424.221.7400
Facsimile:  424.221.7499
Email:    lisa.gibson@nelsonmullins.com
          shawtina.lewis@nelsonmullins.com
          crispin.collins@nelsonmullins.com

Attorneys for Defendant
MCLAREN AUTOMOTIVE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

| | |
|---|---|
| ADDE ISSAGHOLI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MCLAREN AUTOMOTIVE, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-07616-MCS (KKx)<br><br>**DEFENDANT MCLAREN AUTOMOTIVE, INC.'S MOTION IN LIMINE NO. 5 TO EXCLUDE ANY EVIDENCE OR REFERENCE TO MCLAREN AUTOMOTIVE, INC.'S SIZE, WEALTH OR RESOURCES**<br><br>Complaint Filed: July 31, 2019<br>[Los Angeles County Superior Court Case No. 19STCV26670] |

McLaren Automotive, Inc. ("MAI") submits the following Motion in Limine No. 5 to exclude evidence or reference to MAI's size, wealth, or resources  This Motion is made following the conference of counsel.

## I. INTRODUCTION

This breach of warranty "lemon law" action involves a 2018 McLaren 720s (VIN SBM14DCA0JW002356) (the "Vehicle"), which was leased by plaintiff Adde Issagholi ("Plaintiff") on September 28, 2018 for $290,204.08, with 60 miles on it. The Vehicle is essentially a hand-built race car for street use, generally referred to as being a "supercar" because of its high performance characteristics.

MAI anticipates Plaintiff will attempt to appeal to the passion, prejudice, and/or sympathy of the jury by commenting, referring to or introducing evidence regarding MAI's size, wealth, and/or resources. However, such evidence is inadmissible and would unduly prejudice MAI. Such arguments also constitute misconduct. Accordingly, this Court must enter an order precluding Plaintiff from referring in any manner to MAI's size, wealth, and/or resources.

## II. EVIDENCE REGARDING THE WEALTH, SIZE, AND/OR RESOURCES OF MAI IS IRRELEVANT TO THE ISSUES IN THIS ACTION

Evidence concerning the size, wealth, and/or resources of MAI does not have any tendency in reason to prove or disprove any disputed fact of consequence in this action. MAI requests an order prohibiting the introduction of evidence or references to its wealth, size or resources, or its affiliates' size, wealth or resources. It is irrelevant to the issues in this case, and its introduction would be prejudicial. Fed. R. Evid. 401, 402, 403. Therefore, all such evidence and argument should be excluded from trial. *See Van Bumble v. Wal-Mart Stores, Inc.*, 407 F.3d 823, 826 (7th Cir. 2005) (affirming the exclusion of evidence of the parties' relative wealth and size, holding such evidence is irrelevant and its introduction would be prejudicial); *IV Solutions, Inc. v. United Healthcare Servs., Inc.*, No. CV 12-4887 GAF (MRWx), 2014 WL 5817224, at *4-5 (C.D. Cal. Nov. 10, 2014) (granting motion in limine excluding evidence of the parties' relative size and wealth); *Stake Center Locating, Inc. v. Logix Comms., L.P.*, No. 2:13-CV-1090-JNP, 2016 WL

2

CASE NO.: 2:19-cv-07616 MCS (KKx)
DEFENDANT MCLAREN AUTOMOTIVE INC'S MOTION IN LIMINE NO. 5 TO EXCLUDE ANY EVIDENCE OR REFERENCE TO MCLAREN AUTOMOTIVE, INC.'S SIZE, WEALTH OR RESOURCES

8230423, at *1 (D. Utah June 22, 2016) (same); *Kahn v. H&R Block Eastern Enterps., Inc., No.* 11-20217-CIV, 2011 WL 4715201, at *2 (S.D. Fla. Oct. 5, 2011) (same).

Indeed, California courts have held that any reference to such improper matters by a party or counsel constitutes reversible error. *Seimon v. Southern Pacific Transportation Co.*, 67 Cal. App. 3d 600, 606 (1977); *Hoffman v. Brandt*, 65 Cal. 2d 549, 551 (1966); *Love v. Wolf*, 226 Cal. App. 2d 378, 388 (1964). In *Seimon*, in affirming an order granting the defendant's motion for new trial on the ground of attorney misconduct, the court stated:

> It seems clear to us that plaintiff's counsel was deliberately trying to convey an image of himself and his Client as financial underdogs, as 'little guys,' in a court battle against the 'big guy' railroad corporation. This clearly was improper. 'Justice is to be accorded to rich and poor alike, and a deliberate attempt by counsel to appeal to social or economic prejudices of the jury, including the wealth or poverty of the litigants, is misconduct where the asserted wealth or poverty is not relevant to the issues of the case.' [Citations.] Obviously, questions of liability and the amount of damages in the ordinary personal injury case are to be determined without regard to the existing financial status of the plaintiff or plaintiff's counsel, or the ability of the defendant to pay any judgment which might be rendered against him. [Citation.] Such improper comments could have caused the jury to render an inflated verdict.

*Seimon v. Southern Pac. Transportation Co*., 67 Cal. App. 3d 600, 606 (1977).

Accordingly, this Court should enter an order precluding Plaintiff from making any arguments and/or references to the size, wealth, or resources of MAI.

### III. **PLAINTIFF MUST BE PRECLUDED FROM PERSONALLY ATTACKING MAI**

It is well-established that personal attacks on the character of the adverse party, its counsel or its witnesses are acts of misconduct. *Stone v. Foster*, 106 Cal. App. 3d 334, 335 (1980).  This type of conduct is precluded, since it can only be construed as an attempt to appeal to the passion, prejudice, or sympathy of the jury. For the same reason, courts have also held that it is prejudicial misconduct for a party or his attorney to attempt to personally attack the character of another party

3

CASE NO.: 2:19-cv-07616 MCS (KKx)
DEFENDANT MCLAREN AUTOMOTIVE INC'S MOTION IN LIMINE NO. 5 TO EXCLUDE ANY EVIDENCE OR REFERENCE TO MCLAREN AUTOMOTIVE, INC.'S SIZE, WEALTH OR RESOURCES

or its attorney. *Simmons v. Southern Pacific Transportation* Co., 62 Cal. App. 3d 341, 351 (1976); *Love v. Wolf*, 226 Cal. App. 2d 378, 388 (1964). Thus, to avoid any prejudicial misconduct by Plaintiff and undue prejudice to MAI, this Court should issue an order precluding plaintiff from personally attacking the character of MAI or its representatives in any manner.

## IV. CONCLUSION

For the foregoing reasons, the Court should enter an order precluding any evidence or referring in any manner to the size, wealth, and/or resources of MAI, as well as an order precluding Plaintiff, his attorneys and his witnesses from personally attacking the character of MAI or its representatives in any manner.

Dated: October 19, 2020

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By  *[signature]*
Lisa M. Gibson
Shawtina F. Lewis
Attorneys for Defendant
MCLAREN AUTOMOTIVE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2020, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses for counsel of record registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

By: /s/ *Lisa M. Gibson*
Lisa M. Gibson