Adam M. Zolonz (Bar No. 250591)
Jeffrey A. Zolonz (Bar No. 73285)
LAW OFFICES OF ADAM ZOLONZ
1680 N. Vine Street, Suite 912
Los Angeles, CA 90028
Telephone (310) 247-8230
Facsimile (310) 888-1129

David N. Ruben (Bar No. 156681)
SAGE LAW GROUP LLP
450 North Brand Blvd., Suite 450
Glendale, CA 91203
Telephone (310) 651-8485
Facsimile (310) 651-8923

Attorneys for Plaintiff,
ADDE ISSAGHOLI

UNITED STATES DISTRICT COURT OF CALIFORNIA

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDE ISSAGHOLI,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>McLAREN AUTOMOTIVE, INC.,<br><br>　　　　　Defendant. | Case No.: 2:19-cv-07616-MCS (KKx)<br><br>PLAINTIFF, ADDE ISSAGHOLI'S MEMORANDA OF CONTENTIONS OF FACT AND LAW<br><br>Trial: 12/1/2020<br>FPTC: 11/9/2020 |

1.   <u>Claims and Defenses - L.R. 16-4.1</u>

　　　(a)　　1) Breach of the Implied Warranty of Merchantability under the Song-Beverly Consumer Warranty Act - California Civil Code Section 1792

　　　　　　2) Breach of Express Warranty Obligations under the Song-Beverly Consumer Warranty Act  - California Civil Code Section 1793.2(d)(2)

　　　(b)　　1) <u>Elements of Breach of Implied Warranty Claim</u> - 1) Plaintiff leased a new motor vehicle, 2) defendants were in the business of selling/leasing new motor vehicle's to retail buyers, 3) the new motor vehicle was not of the same quality as

1

1    those generally acceptable in the trade and/or was not fit for the ordinary purposes for
2    which the goods are used, 4) Plaintiff was harmed, and 5) Defendants' breach of the
3    implied warranty was a substantial factor in causing Plaintiff's harm. *(See* CACI -
4    3210 - Breach of Implied Warranty of Merchantability - Essential Factual Elements)

5            2)    Elements of Express Warranty Claim - 1) Plaintiff leased a  new
6    motor vehicle, 2) Defendants gave Plaintiff a written warranty that promised to repair
7    defects in materials and/or workmanship, 3) The new motor vehicle was covered by
8    the express warranty, 4) Plaintiff delivered the new motor vehicle to Defendant or its
9    authorized repair facilities for repair of the defects, 5) Defendant or its authorized
10   repair facility failed to repair the vehicle to match the written warranty after a
11   reasonable number of repair opportunities to do so, 6) Defendant did not promptly
12   replace or buyback the vehicle. (See CACI - 3201 & VF-3203 - Failure to  Promptly
13   Repurchase or Replace New Motor Vehicle After Reasonable Number of Repair
14   Opportunities - Essential Factual Elements.)

15           (c)    1) Breach of the Implied Warranty of Merchantability under the Song-
16   Beverly Consumer Warranty Act - Civil Code Section 1792 - Evidence - On
17   September 28, 2018, Plaintiff leased a 2018 McLaren 720S for a total of $290,204.08
18   in lease payments.  The McLaren came with  a bumper-to-bumper express warranty
19   lasting 3 years with unlimited miles, which covered repairs of "any defects."  Prior
20   to lease, the vehicle underwent a major repair to address an oil leak.  This information
21   was not communicated to Plaintiff at the time of the lease.  Within one year of leasing
22   the vehicle, and with just 3,324 miles on the odometer, the vehicle began having a
23   multitude of issues, some of which were quite serious.  Significantly, the suspension
24   system began malfunctioning, the engine was leaking oil (again), and the vehicle had
25   a no start condition.  The vehicle was returned by Plaintiff to McLaren's dealer a total
26   of four times between June and November, 2019 and was out of service at least 56
27   days.  On the last service visit, McLaren's dealer determined that all four of the
28   vehicle's suspension accumulators were "blown."  The dealer replaced the four

1  accumulators in the vehicle, but after this repair, the vehicle continued to exhibit
2  problems and warnings.  The more serious problems with the vehicle cause the
3  suspension to fail, disconcerting shaking, stability and noise issues while in operation
4  and have required the vehicle to be towed back to the dealer on three occasions.

5       2) Breach of Express Warranty Obligations under the Song-Beverly
6  Consumer Warranty Act  - Civil Code Section 1793.2(d)(2) - Civil Code Section -
7  Evidence -   The same evidence supporting the breach of implied warranty claim also
8  supports the express warranty claim.  Additional evidence includes the fact that
9  Plaintiff made McLaren aware of the issues he was having with the vehicle in writing,
10  McLaren elevated Plaintiff's case to a "Lemon Status: Warning - Workshop Days"
11  level, yet did not offer to refund Plaintiff's money or replace the vehicle.  Thereafter,
12  the vehicle went on to have two more service visits and another 37 days in the shop.
13  Yet McLaren still refused to offer to refund or replace the vehicle. Finally, McLaren
14  has no written policies or procedures for dealing with California lemon law
15  obligations.

16       (d) There are no counterclaims. With respect to the twenty-seven affirmative
17  defenses alleged, it is unclear to Plaintiff as to which, if any, Defendant intends to
18  pursue.  Plaintiff contends that many of the alleged affirmative defenses labeled as
19  such are not, in fact, legitimate affirmative defenses or are otherwise improper in the
20  context of lemon law claims.  The opposition evidence to each affirmative defense
21  is set forth in sub-section (f) below.

22       (e)    See Defendant's Memoranda.

23       (f)    1) First Affirmative Defense - Failure to State a Claim - Opposition
24  Evidence -   On September 28, 2018, Plaintiff leased a 2018 McLaren 720S for a total
25  of $290,204.08 in lease payments.  The McLaren came with  a bumper-to-bumper
26  express warranty lasting 3 years with unlimited miles, which covered repairs of "any
27  defects."  Prior to lease, the vehicle underwent a major repair to address an oil leak.
28  This information was  not communicated to Plaintiff at the time of the lease.  Within

PLAINTIFF, ADDE ISSAGHOLI'S MEMORANDA OF CONTENTIONS OF FACT AND LAW

1   one year of leasing the vehicle, and with just 3,324 miles on the odometer, the vehicle

2   began having a multitude of issues, some of which were quite serious. Significantly,

3   the suspension system began malfunctioning, the engine was leaking oil (again), and

4   the vehicle had a no start condition. The vehicle was returned by Plaintiff to

5   McLaren's dealer a total of four times between June and November, 2019 and was

6   out of service at least 56 days. On the last service visit, McLaren's dealer determined

7   that all four of the vehicle's suspension accumulators were "blown." The dealer

8   replaced the four accumulators in the vehicle, but after this repair, the vehicle

9   continued to exhibit problems and warnings. The more serious problems with the

10   vehicle cause the suspension to fail, disconcerting shaking, stability and noise issues

11   while in operation and have required the vehicle to be towed back to the dealer on

12   three occasions. Additional evidence includes the fact that Plaintiff made McLaren

13   aware of the issues he was having with the vehicle in writing, McLaren elevated

14   Plaintiff's case to a "Lemon Status: Warning - Workshop Days" level, yet did not

15   offer to refund Plaintiff's money or replace the vehicle. Thereafter, the vehicle went

16   on to have two more service visits and another 37 days in the shop. Yet McLaren still

17   refused to offer to refund or replace the vehicle. Finally, McLaren has no written

18   policies or procedures for dealing with California lemon law obligations.

19         2) <u>Second Affirmative Defense - No Breach of Warranty</u> - Opposition

20   Evidence - On September 28, 2018, Plaintiff leased a 2018 McLaren 720S for a total

21   of $290,204.08 in lease payments. The McLaren came with  a bumper-to-bumper

22   express warranty lasting 3 years with unlimited miles, which covered repairs of "any

23   defects." Prior to lease, the vehicle underwent a major repair to address an oil leak.

24   This information was  not communicated to Plaintiff at the time of the lease. Within

25   one year of leasing the vehicle, and with just 3,324 miles on the odometer, the vehicle

26   began having a multitude of issues, some of which were quite serious. Significantly,

27   the suspension system began malfunctioning, the engine was leaking oil (again), and

28   the vehicle had a no start condition. The vehicle was returned by Plaintiff to

McLaren's dealer a total of four times between June and November, 2019 and was out of service at least 56 days. On the last service visit, McLaren's dealer determined that all four of the vehicle's suspension accumulators were "blown." The dealer replaced the four accumulators in the vehicle, but after this repair, the vehicle continued to exhibit problems and warnings. The more serious problems with the vehicle cause the suspension to fail, disconcerting shaking, stability and noise issues while in operation and have required the vehicle to be towed back to the dealer on three occasions. Additional evidence includes the fact that Plaintiff made McLaren aware of the issues he was having with the vehicle in writing, McLaren elevated Plaintiff's case to a "Lemon Status: Warning - Workshop Days" level, yet did not offer to refund Plaintiff's money or replace the vehicle. Thereafter, the vehicle went on to have two more service visits and another 37 days in the shop. Yet McLaren still refused to offer to refund or replace the vehicle. Finally, McLaren has no written policies or procedures for dealing with California lemon law obligations.

        3) <u>Third Affirmative Defense - Abuse, Misuse, Alteration and Improper Care</u> - Opposition Evidence - Plaintiff did not use the vehicle enough to meet the recommended maintenance intervals, but he did present the vehicle to McLaren's dealer for diagnosis, service and repair of all perceived issues and complaints. No evidence has surfaced in written discovery or depositions which support any of these defenses. McLaren's 30(b)(6) witness testified that he was not aware of any evidence supporting these defenses.

        4) <u>Fourth Affirmative Defense - No Defect in Materials or Workmanship</u> - Opposition Evidence - McLaren's service records show that McLaren's dealer diagnosed and repaired under warranty most of the issues for which Plaintiff presented the vehicle. McLaren updated software, repaired a door seal, repaired the rear main seal, performed a transmission calibration, replaced four blown accumulators and found multiple fault codes in the vehicle's computers corresponding with the complaints and repairs performed. All repairs were performed

5

1    as warranty work, which only covers defects in materials and workmanship.

2    McLaren's conduct in performing the repairs under warranty, in addition to the

3    admissions in the repair orders, demonstrates its understanding that there were defects

4    in materials and workmanship in the vehicle.

5        5) <u>Fifth Affirmative Defense - Failure to Maintain Vehicle</u> - Opposition

6    Evidence - All of the issues reported by the Plaintiff occurred prior to the first

7    recommended maintenance visit, according to McLaren's documents. By McLaren's

8    own admission - the maintenance schedule - the defects could not have been caused

9    by a lack of maintenance. Further McLaren admitted in deposition that there was no

10    evidence of lack of maintenance.

11        6) <u>Sixth Affirmative Defense - Disclaimer of Incidental and Consequential</u>

12    <u>Damages</u> - Opposition Evidence - California Civil Code Section 1790.1 prohibits any

13    waiver by the buyer of the rights afforded by the lemon law, including the right to

14    recover incidental and consequential damages guaranteed by several sections of the

15    lemon law.

16        7) <u>Seventh Affirmative Defense - Vehicle Fit for Intended Purpose</u> -

17    Opposition Evidence - On September 28, 2018, Plaintiff leased a 2018 McLaren 720S

18    for a total of $290,204.08 in lease payments. The McLaren came with a bumper-to-

19    bumper express warranty lasting 3 years with unlimited miles, which covered repairs

20    of "any defects." Prior to lease, the vehicle underwent a major repair to address an

21    oil leak. This information was not communicated to Plaintiff at the time of the lease.

22    Within one year of leasing the vehicle, and with just 3,324 miles on the odometer, the

23    vehicle began having a multitude of issues, some of which were quite serious.

24    Significantly, the suspension system began malfunctioning, the engine was leaking

25    oil (again), and the vehicle had a no start condition. The vehicle was returned by

26    Plaintiff to McLaren's dealer a total of four times between June and November, 2019

27    and was out of service at least 56 days. On the last service visit, McLaren's dealer

28    determined that all four of the vehicle's suspension accumulators were "blown." The

dealer replaced the four accumulators in the vehicle, but after this repair, the vehicle continued to exhibit problems and warnings.  The more serious problems with the vehicle cause the suspension to fail, disconcerting shaking, stability and noise issues while in operation and have required the vehicle to be towed back to the dealer on three occasions.  Additional evidence includes the fact that Plaintiff made McLaren aware of the issues he was having with the vehicle in writing, McLaren elevated Plaintiff's case to a "Lemon Status: Warning - Workshop Days" level, yet did not offer to refund Plaintiff's money or replace the vehicle.  Thereafter, the vehicle went on to have two more service visits and another 37 days in the shop. Yet McLaren still refused to offer to refund or replace the vehicle. Finally, McLaren has no written policies or procedures for dealing with California lemon law obligations.

8) Eighth Affirmative Defense - Duration of Implied Warranty - Opposition Evidence - The vehicle was leased to Plaintiff on September 28, 2018 and Plaintiff presented the vehicle to McLaren's authorized service facilities on four occasions prior to expiration of the lemon law's one year duration or the implied warranty. Moreover, all of McLaren's repairs performed to the vehicle were inside the one year duration as well.

9) Ninth Affirmative Defense - No Impairment of Use, Value or Safety - Opposition Evidence - The vehicle's suspension system failed, the vehicle would not start on occasions, the vehicle had to be towed in to McLaren's dealer for repairs, it was out of service for approximately 56 days in the first year of the lease, it continues to exhibit the suspension problems and it continues to register faults within its computer systems.

10) Tenth Affirmative Defense - Unreasonable Use of Vehicle - Opposition Evidence - The vehicle was essentially parked, and not used, after McLaren failed to repair it.

11) Eleventh Affirmative Defense - Failure to Provide Reasonable Opportunity to Cure - Opposition Evidence - Plaintiff presented the vehicle four times, and for 56

1   days, during the first year it was leased. This is in addition to the firth repair
2   performed by the dealer, where it removed the transmission and repaired the rear
3   main seal leaking, none of which was disclosed to Plaintiff.

4       12) <u>Twelfth Affirmative Defense - No Prejudgment Interest</u> - Opposition
5   Evidence - Plaintiff's damages became certain when McLaren failed to repair the
6   vehicle on the fifth and final repair attempt.  The method of calculation of those
7   damages is extremely precise, as is set forth by California Civil Code Sections 1791.1
8   and 1794(a) & (b).

9       13) <u>Thirteenth Affirmative Defense - Failure to Mitigate</u> - Opposition Evidence
10  - Plaintiff contacted McLaren directly and asked that it comply with its lemon law
11  obligations.  Had McLaren agreed to do so when asked, additional finance charges,
12  insurance and other costs associated with keeping the vehicle could have been
13  avoided.

14      14) <u>Fourteenth Affirmative Defense - No Agency Relationship</u> - Opposition
15  Evidence - McLaren entered into a dealer agreement with O'Gara Coach Company
16  LLC to sell, lease and service (on McLaren's behalf) the vehicle involved in this
17  matter.

18      15) <u>Fifteenth Affirmative Defense - Good Faith Conduct</u> - Opposition Evidence
19  - McLaren was self-alerted to the fact that the vehicle was potentially a lemon after
20  the second service visit.  It refused to comply with its lemon law obligations at that
21  time.. After two further service visits, and with the reports of defects becoming more
22  serious, McLaren still failed to comply with its lemon law obligations.  When
23  Plaintiff's attorneys wrote to McLaren advising them of their lemon law obligations,
24  McLaren again refused to comply.  McLaren has no written policies for dealing with
25  California lemon law obligations, and McLaren's representative made no real efforts
26  to investigate Plaintiff's claim to determine if a lemon law obligation to
27  refund/replace even existed. McLaren has no qualified third-party dispute resolution
28  process, which is expressly encouraged by the lemon law, that Plaintiff might

1     otherwise have used to informally resolve this matter.

2         16) <u>Sixteenth Affirmative Defense - Good Faith Conduct</u> - Opposition

3     Evidence - California Civil Code Section 1790.1 prohibits any waiver by the buyer

4     of the rights afforded by the lemon law, including the right to recover incidental and

5     consequential damages guaranteed by several sections of the lemon law.  All that

6     Plaintiff was required to do under the express warranty provisions and under the

7     lemon law was present the vehicle for repairs to McLaren's authorized service

8     facilities, which he did on at least four occasions.  No other notice was required by

9     Plaintiff in order to seek relief under the lemon law.  McLaren admitted in deposition

10     that there is no evidence of abuse, mise, or lack of maintenance in this matter.

11         17) <u>Seventeenth Affirmative Defense - Estoppel</u> - Opposition Evidence - There

12     is no legal precedent suggesting that equitable estoppel is a valid defense to a lemon

13     law claim.  Moreover, all that Plaintiff was required to do under the express warranty

14     provisions and under the lemon law was present the vehicle for repairs to McLaren's

15     authorized service facilities, which he did on at least four occasions.  No other notice

16     was required by Plaintiff in order to seek relief under the lemon law.  McLaren

17     admitted in deposition that there is no evidence of abuse, mise, or lack of

18     maintenance in this matter.

19         18) <u>Eighteenth Affirmative Defense - Unclean Hands</u> - Opposition Evidence -

20     There is no legal precedent suggesting that unclean hands is a valid defense to a

21     lemon law claim.  Moreover, all that Plaintiff was required to do under the express

22     warranty provisions and under the lemon law was present the vehicle for repairs to

23     McLaren's authorized service facilities, which he did on at least four occasions.  No

24     other notice was required by Plaintiff in order to seek relief under the lemon law.

25     McLaren admitted in deposition that there is no evidence of abuse, mise, or lack of

26     maintenance in this matter.

27         19) <u>Nineteenth Affirmative Defense - Offsets</u> - Opposition Evidence - There

28     were 3,324 miles on the vehicle when Plaintiff first returned it for service under

1   McLaren's express warranty.

2        20) <u>Twentieth Affirmative Defense - Lack of Privity</u> - Opposition Evidence -
3   California Civil Code Section 1792 creates a manufacturer's implied warranty such
4   that privity is not required for Plaintiff to maintain an implied warranty claim against
5   McLaren. The express warranty Plaintiff received at the time he leased the vehicle is
6   offered directly by McLaren.

7        21) <u>Twenty-First Affirmative Defense - Statute of Limitations</u> - Opposition
8   Evidence - Plaintiff's Lawsuit was filed within four years of the date of the lease for
9   the subject vehicle. *See* Krieger v. Nick Alexander Imports, Inc. , 234 Cal.App.3d
10  205, 214-215 (Four-year statute of limitations provided for under Uniform
11  Commercial Code applied to Song-Beverly Consumer Warranty Act, rather than
12  general four-year statute covering actions arising from written agreement.)

13       22) <u>Twenty-Second Affirmative Defense - Third-Party Actions</u> - Opposition
14  Evidence - No evidence has been adduced during discovery or otherwise that shows
15  the problems, fixed (or attempted to be fixed) under McLaren's express warranty
16  were caused by third-persons. Further, McLaren made the repairs in accordance with
17  the terms and conditions of its express warranty, which required only that it cover
18  defects in materials and workmanship.

19       23) <u>Twenty-Third Affirmative Defense - Superseding Actions of Others</u> -
20  Opposition Evidence - No evidence has been adduced during discovery or otherwise
21  that shows the problems, fixed (or attempted to be fixed) under McLaren's express
22  warranty were caused by third-persons.  Further, McLaren made the repairs in
23  accordance with the terms and conditions of its express warranty, which required only
24  that it cover defects in materials and workmanship.

25       24) <u>Twenty-Fourth Affirmative Defense - Disclaimer of Consequential</u>
26  <u>Damages</u> - Opposition Evidence - California Civil Code Section 1790.1 prohibits any
27  waiver by the buyer of the rights afforded by the lemon law, including the right to
28  recover incidental and consequential damages guaranteed by several sections of the

1 | lemon law.

2 |       25) <u>Twenty-Fifth Affirmative Defense - Comparative Negligence</u> - Opposition
3 | Evidence - This is a breach of contract, not a tort action.

4 |       26) <u>Twenty-Sixth Affirmative Defense - Civil Code Section 1431.2</u> -
5 | Opposition Evidence -This is a breach of contract, not a tort action.

6 |       27) <u>Twenty-Seventh Affirmative Defense - Disclaimer of Civil Penalties</u> -
7 | Opposition Evidence - Civil Code Section 1794(c) and (e) provide Plaintiff a right
8 | to recover civil penalties in this action.  McLaren was self-alerted to the fact that the
9 | vehicle was potentially a lemon after the second service visit.  It refused to comply
10 | with its lemon law obligations at that time..  After two further service visits, and with
11 | the reports of defects becoming more serious, McLaren still failed to comply with its
12 | lemon law obligations.  When Plaintiff's attorneys wrote to McLaren advising them
13 | of their lemon law obligations, McLaren again refused to comply.  McLaren has no
14 | written policies for dealing with  California lemon law obligations, and McLaren's
15 | representative made no real efforts to investigate Plaintiff's claim to determine if a
16 | lemon law obligation to refund/replace even existed.  McLaren has no qualified third-
17 | party dispute resolution process, which is expressly encouraged by the lemon law,
18 | that Plaintiff might otherwise have used to informally resolve this matter.

19 |       (g)    Plaintiff is uncertain as to what is being requested.

20 |       (h)    Plaintiff does not anticipate any significant evidentiary issues.

21 |       (i)    The only legal issue possibly will relate to McLaren's position that lease
22 | payments made by Plaintiff's companies are not recoverable in this action because,
23 | according to McLaren, they are not legally Plaintiff's damages.  This legal issue
24 | should be worked out through McLaren's summary judgment motion set to be heard
25 | on October 26, 2020.  The lemon law is fairly straightforward, has been widely
26 | interpreted in the case law and there is a comprehensive set of CACI jury instructions
27 | the Court may use to instruct the jury at trial.

28 | ///

II.   Bifurcation of Issues - L.R. 16-4.3

Plaintiff is not requesting a bifurcation of issues

III.  Jury Trial - L.R. 16-4.4

A timely demand for jury trial was made. The matter is slated for a jury per the Court's October 14, 20220 order.  All claims and issues are triable to a jury.

IV.   Attorneys' Fees - L.R. 16-4.5

Plaintiff is entitled to recover attorneys' fees as a prevailing party under California Civil Code Section 1794(d).  Fees are calculated using a lodestar approach, multiplying the reasonable number of hours incurred times the reasonable hourly rates of the timekeepers.

V.    Abandonment of Issues - L.R. 16-4.6

Plaintiff is not abandoning any of the claims asserted in his complaint.

DATED:  October 19, 2020                    SAGE LAW GROUP LLP


                                            BY /S/
                                            DAVID RUBEN
                                            Attorneys for Plaintiff,
                                            ADDE ISSAGHOLI

PLAINTIFF, ADDE ISSAGHOLI'S MEMORANDA OF CONTENTIONS OF FACT AND LAW

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2020, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses for counsel of record registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

By: /s/ *Tricia Tanner*

Tricia Tanner

PLAINTIFF, ADDE ISSAGHOLI'S MEMORANDA OF CONTENTIONS OF FACT AND LAW