Adam M. Zolonz, S.B.N. 250591
Jeffrey A. Zolonz, S.B.N. 73285
Stephen Parnell, S.B.N. 314517
LAW OFFICES OF ADAM ZOLONZ, A.P.C.
1680 N. Vine Street, Suite 912
Los Angeles, California, 90028
Telephone: 310.247.8230
Facsimile:  310.888.1129

David Ruben, S.B.N. 156681
SAGE LAW GROUP LLP
450 North Brand Blvd., Suite 600
Glendale, CA 91203
Telephone:  310-651-8485
Facsimile:   310 651-8923

Attorneys for Plaintiff
ADDE ISSAGHOLI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ADDE ISSAGHOLI, an individual,<br><br>              Plaintiff,<br><br>      v.<br><br>MCLAREN  AUTOMOTIVE,  INC.,  a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>              Defendants. | Case No. 2:19-cv-07616-MCS(KKx)<br><br>[Assigned to the Hon. Mark C. Scarsi]<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br>**FPTC:  November 9, 2020**<br>**Trial:    December 1, 2020**<br>**Dept.:    7C** |

# INDEX OF JURY INSTRUCTIONS

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 1 | Cover Sheet | MCJI 1.1 | 1 |
| 2 | Duty of Jury (Court Reads and Provides Written Instructions at End of Case) | MCJI 1.4 | 2 |
| 3 | Claims and Defenses | MCJI 1.5 | 3 |
| 4 | Burden of Proof – Preponderance of the Evidence | MCJI 1.6 | 4 |
| 5 | What is Evidence | MCJI 1.9 | 5 |
| 6 | What is Not Evidence | MCJI 1.10 | 6 |
| 7 | Evidence for Limited Purpose | MCJI 1.11 | 7 |
| 8 | Direct and Circumstantial Evidence | MCJI 1.12 | 8 |
| 9 | Ruling on Objections | MCJI 1.13 | 9 |
| 10 | Credibility of Witnesses | MCJI 1.14 | 10 |
| 11 | Conduct of the Jury | MCJI 1.15 | 12 |
| 12 | No Transcript Available to Jury | MCJI 1.17 | 15 |
| 13 | Taking Notes | MCJI 1.18 | 16 |
| 14 | Questions to Witnesses by Jurors | MCJI 1.19 | 17 |
| 15 | Bench Conferences and Recesses | MCJI 1.20 | 18 |
| 16 | Outline of Trial | MCJI 1.21 | 19 |
| 17 | Impeachment Evidence – Witness | MCJI 2.9 | 20 |
| 18 | Use of Interrogatories | MCJI 2.11 | 21 |
| 19 | Use of Requests for Admission | MCJI 2.12 | 22 |
| 20 | Expert Opinion | MCJI 2.13 | 23 |
| 21 | Charts and Summaries Not Received in Evidence | MCJI 2.14 | 24 |

JOINT PROPOSED JURY INSTRUCTIONS

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 22 | Charts and Summaries Received in Evidence | MCJI 2.15 | 25 |
| 23 | Evidence in Electronic Format | MCJI 2.16 | 26 |
| 24 | Failure to Promptly Repurchase or Replace New Motor Vehicle After Reasonable Number of Repair Opportunities – Essential Factual Elements | CACI 3201 | 28 |
| 25 | "Repair Opportunities" Explained | CACI 3202 | 29 |
| 26 | Reasonable Number of Repair Opportunities – Rebuttable Presumption | CACI 3203 | 30 |
| 27 | "Substantially Impaired" Explained | CACI 3204 | 31 |
| 28 | Breach of Implied Warranty of Merchantability – Essential Factual Elements | CACI 3210 | 32 |
| 29 | Breach of Implied Warranty of Fitness for a Particular Purpose – Essential Factual Elements | CACI 3211 | 33 |
| 30 | Continued Reasonable Use Permitted | CACI 3230 | 34 |
| 31 | Restitution from Manufacturer – New Motor Vehicle | CACI 3241 | 35 |
| 32 | Incidental Damages | CACI 3242 | 36 |
| 33 | Consequential Damages | CACI 3243 | 37 |
| 34 | Civil Penalty – Willful Violation | CACI 3244 | 38 |
| 35 | Duty to Deliberate | MCJI 3.1 | 39 |
| 36 | Consideration of Evidence – Conduct of the Jury | MCJI 3.2 | 40 |

JOINT PROPOSED JURY INSTRUCTIONS

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 37 | Communication with Court | MCJI 3.3 | 42 |
| 38 | Return of Verdict | MCJI 3.5 | 43 |
| 39 | Post-Discharge Instruction | MCJI 3.9 | 44 |
| 40 | Corporations and Partnerships – Fair Treatment | MCJI 4.1 | 45 |
| 41 | Introduction to Special Verdict Form | CACI 5012 | 46 |
| 42 | Polling the Jury | CACI 5017 | 47 |
| 43 | Demonstrative Evidence | CACI 5020 | 48 |

Date: October 26, 2020

LAW OFFICES OF ADAM ZOLONZ, A.P.C.

By: */s/ Stephen Parnell*
Stephen Parnell
Attorneys for Plaintiff
ADDE ISSAGHOLI

Date: October 26, 2020

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ Lisa Gibson*
Lisa M. Gibson
Attorneys for Defendant
MCLAREN AUTOMOTIVE, INC.

**Joint Proposed Instruction No. 1**

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ADDE ISSAGHOLI, an individual, | Case No. 2:19-cv-07616-MCS(KKx) |
| Plaintiff, | |
| v. | **JURY INSTRUCTIONS** |
| MCLAREN AUTOMOTIVE, INC., a Delaware Corporation, | |
| Defendant. | |

DATED: _____

_____

HONORABLE MARK C. SCARSI

UNITED STATES DISTRICT JUDGE

**Joint Proposed Instruction No. 2**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Joint Proposed Instruction No. 3**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that he leased a new 2018 McLaren 720S. Mr. Issagholi contends the vehicle was delivered to him with defects which, during the first year of the lease, breached the implied warranty of merchantability. Mr. Issagholi also contends that the vehicle developed defects during the express warranty period which McLaren was unable to repair after a reasonable number of opportunities to do so. Mr. Issagholi contends that he is entitled to a refund of his money for the vehicle. The plaintiff has the burden of proving these claims.

Defendant McLaren Automotive, Inc. ("McLaren") contends it did not breach the express limited vehicle warranty and there was no defect covered by the warranty substantially impairing the use, value or safety of the vehicle that was not be repaired within a reasonable number of repair attempts. McLaren also contends the vehicle was fit for the ordinary purposes for which vehicles are used and it did not breach any implied warranty. McLaren contends that Mr. Issagholi is not entitled to a refund or other damages and he did not establish he has personally been damaged within the meaning of California Civil Code section 1794, subdivision (a).

**Joint Proposed Instruction No. 4**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Joint Proposed Instruction No. 5**

The evidence you are to consider in deciding what the facts are consists of:

    1. the sworn testimony of any witness;

    2. the exhibits that are admitted into evidence;

    3. any facts to which the lawyers have agreed; and

    4. any facts that I have instructed you to accept as proved.

**Joint Proposed Instruction No. 6**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Joint Proposed Instruction No. 7**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**Joint Proposed Instruction No. 8**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Joint Proposed Instruction No. 9**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Joint Proposed Instruction No. 10**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what

they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Joint Proposed Instruction No. 11**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process

to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Joint Proposed Instruction No. 12**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**Joint Proposed Instruction No. 13**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Joint Proposed Instruction No. 14**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**Joint Proposed Instruction No. 15**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Joint Proposed Instruction No. 16**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Joint Proposed Instruction No. 17**

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Joint Proposed Instruction No. 18**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Joint Proposed Instruction No. 19**

Evidence was presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

**Joint Proposed Instruction No. 20**

You have heard testimony from experts who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of the witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Joint Proposed Instruction No. 21**

Certain charts and summaries not admitted into evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Joint Proposed Instruction No. 22**

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Joint Proposed Instruction No. 23**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other

- 26 -

purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**Joint Proposed Instruction No. 24**

Plaintiff Adde Issagholi claims that McLaren Automotive, Inc. failed to promptly repurchase or replace a new 2018 McLaren 720S after a reasonable number of repair opportunities. To establish this claim, Plaintiff Adde Issagholi must prove all of the following:

1. That Plaintiff Adde Issagholi leased a new 2018 McLaren 720S distributed by McLaren Automotive, Inc.;

2. That McLaren Automotive, Inc. gave Plaintiff Adde Issagholi a written warranty;

3. That the vehicle had defects that were covered by the warranty and that substantially impaired its use, value, or safety to a reasonable person in Plaintiff Adde Issagholi's situation;

4. That Plaintiff Adde Issagholi delivered the vehicle to McLaren Automotive, Inc. or its authorized repair facility for repair of the defects;

5. That McLaren Automotive, Inc. or its authorized repair facility failed to repair the vehicle to match the written warranty after a reasonable number of opportunities to do so; and

6. That McLaren Automotive, Inc. did not promptly replace or buy back the vehicle.

**Joint Proposed Instruction No. 25**

Each time the 2018 McLaren 720S was given to McLaren or its authorized repair facility for repair counts as an opportunity to repair, even if they did not do any repair work.

In determining whether McLaren had a reasonable number of opportunities to fix the 2018 McLaren 720S, you should consider all the circumstances surrounding each repair visit. McLaren Automotive, Inc. or its authorized repair facility must have been given at least two opportunities to fix the 2018 McLaren 720S.

**Joint Proposed Instruction No. 26**

The number of opportunities to make repairs is presumed to be reasonable if Plaintiff Adde Issagholi proves that within 18 months from delivery of the 2018 McLaren 720S to him or the first 18,000 miles the vehicle was out of service for repair of substantially impairing defects by McLaren Automotive, Inc. or its authorized repair facility for more than 30 days.

If Plaintiff Adde Issagholi has proved these facts, then the number of opportunities to make repairs was reasonable unless McLaren Automotive, Inc. proves that under all the circumstances McLaren Automotive, Inc. or its authorized repair facility was not given a reasonable opportunity to repair the defect.

## Joint Proposed Instruction No. 27

In deciding whether a reasonable person would believe that the 2018 McLaren 720S's defects, if any, substantially impaired the vehicle's use, value, or safety, you may consider, among other factors, the following:

(a) The nature of the defects;

(b) The cost and length of time required for repair;

(c) Whether past repair attempts have been successful;

(d) The degree to which the vehicle could be used while awaiting repair; and

(e) The availability and cost of comparable transportation during the repairs.

**Joint Proposed Instruction No. 28**

Plaintiff Adde Issagholi claims that the new 2018 McLaren 720S did not have the quality that a buyer would reasonably expect. This is known as "breach of an implied warranty." To establish this claim, Plaintiff Adde Issagholi must prove all of the following:

1. That Plaintiff Adde Issagholi leased a new 2018 McLaren 720S distributed by McLaren Automotive, Inc.;

2. That at the time of purchase McLaren Automotive, Inc. was in the business of distributing new motor vehicles;

3. That the 2018 McLaren 720S was not of the same quality as those generally acceptable in the trade or was not fit for the ordinary purposes for which the goods are used;

4. That Plaintiff Adde Issagholi was harmed; and

5. That McLaren Automotive, Inc.'s breach of the implied warranty was a substantial factor in causing Plaintiff Adde Issagholi's harm.

**Joint Proposed Instruction No. 29**

Plaintiff Adde Issagholi claims that he was harmed because the new 2018 McLaren 720S was not suitable for his intended use. This is known as a "breach of an implied warranty." To establish this claim, Plaintiff Adde Issagholi must prove all of the following:

1. That Plaintiff Adde Issagholi leased a new 2018 McLaren 720S distributed by McLaren Automotive, Inc.;

2. That, the new 2018 McLaren 720S was not fit for the ordinary purposes for which the goods are used;

3. That Plaintiff Adde Issagholi was harmed; and

7. That McLaren Automotive, Inc.'s breach of the implied warranty was a substantial factor in causing Plaintiff Adde Issagholi's harm.

**Joint Proposed Instruction No. 30**

The fact that Plaintiff Adde Issagholi continued to use the 2018 McLaren 720S after delivering it for repair does not waive his right to demand replacement or reimbursement. Nor does it reduce the amount of damages that you should award to Plaintiff Adde Issagholi if you find that he has proved his claim against McLaren Automotive, Inc.

**Joint Proposed Instruction No. 31**

If you decide that McLaren Automotive, Inc. or its authorized repair facility failed to repair the defects after a reasonable number of opportunities, then Plaintiff Adde Issagholi is entitled to recover the amounts he proves he paid for the 2018 McLaren 720S, including:

1. The amount paid to date for the vehicle, including finance charges and any amount still owed by Plaintiff Adde Issagholi;

2. Charges for transportation and manufacturer-installed options; and

3. Sales tax, use tax, license fees, registration fees, and other official fees.

In determining the purchase price, do not include any charges for items supplied by someone other than McLaren Automotive, Inc..

Plaintiff Adde Issagholi's recovery must be reduced by the value of the use of the 2018 McLaren 720S before it was brought in for repair. McLaren Automotive, Inc. must prove how many miles the vehicle was driven between the time when Plaintiff Adde Issagholi took possession of the vehicle and the time when Plaintiff Adde Issagholi first delivered it to McLaren Automotive, Inc. or its authorized repair facility to fix the defect.

Multiply this mileage number by the purchase price, including any charges for transportation and manufacturer-installed options, and divide that amount by 120,000. Deduct the resulting amount from Plaintiff Adde Issagholi's recovery.

**Joint Proposed Instruction No. 32**

Plaintiff Adde Issagholi also claims additional reasonable expenses, including registration renewal and insurance.

To recover these expenses, Plaintiff Adde Issagholi must prove all of the following:

1. That the expense was actually charged;

2. That the expense was reasonable; and

3. That McLaren Automotive, Inc.'s breach of warranty was a substantial factor in causing the expense.

**Joint Proposed Instruction No. 33**

Plaintiff Adde Issagholi also claims additional amounts, including a car cover.

To recover these damages, Plaintiff Adde Issagholi must prove all of the following:

1. That McLaren Automotive, Inc.'s breach of warranty was a substantial factor in causing damages to Plaintiff Adde Issagholi;

2. That the damages resulted from Plaintiff Adde Issagholi's requirements and needs;

3. That McLaren Automotive, Inc. had reason to know of those requirements and needs at the time of the lease to Plaintiff Adde Issagholi;

4. That Plaintiff Adde Issagholi could not reasonably have prevented the damages; and

5. The amount of the damages.

## Joint Proposed Instruction No. 34

Plaintiff Adde Issagholi claims that McLaren Automotive, Inc.'s failure to repurchase or replace the 2018 McLaren 720S after a reasonable number of repair opportunities was willful and therefore asks that you impose a civil penalty against McLaren Automotive, Inc.. A civil penalty is an award of money in addition to a plaintiff's damages. The purpose of this civil penalty is to punish a defendant or discourage it from committing violations in the future.

If Plaintiff Adde Issagholi has proved that McLaren Automotive, Inc.'s failure was willful, you may impose a civil penalty against it. The penalty may be in any amount you find appropriate, up to a maximum of two times the amount of Plaintiff Adde Issagholi's actual damages.

"Willful" means that McLaren Automotive, Inc. knew of its legal obligations and intentionally declined to follow them. However, a violation is not willful if you find that McLaren Automotive, Inc. reasonably and in good faith believed that the facts did not require repurchasing or replacing the 2018 McLaren 720S.

## Joint Proposed Instruction No. 35

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Joint Proposed Instruction No. 36**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.

If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Joint Proposed Instruction No. 37**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## Joint Proposed Instruction No. 38

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**Joint Proposed Instruction No. 39**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.

**Joint Proposed Instruction No. 40**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**Joint Proposed Instruction No. 41**

I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the forms carefully. You must consider each question separately. Although you may discuss the evidence and the issues to be decided in any order, you must answer the questions on the verdict forms in the order they appear. After you answer a question, the form tells you what to do next.

All of you must deliberate on and answer each question regardless of how you voted on any earlier question. Unless the verdict form tells all jurors to stop and answer no further questions, every juror must deliberate and vote on all of the remaining questions.

When you have finished filling out the form, your presiding juror must write the date and sign it at the bottom of the last page and then notify the clerk that you are ready to present your verdict in the courtroom.

**Joint Proposed Instruction No. 42**

After your verdict is read in open court, you may be asked individually to indicate whether the verdict expresses your personal vote. This is referred to as "polling" the jury and is done to ensure that at least nine jurors have agreed to each decision.

The verdict forms that you will receive ask you to answer several questions. You must vote separately on each question. Although nine or more jurors must agree on each answer, it does not have to be the same nine for each answer. Therefore, it is important for each of you to remember how you have voted on each question so that if the jury is polled, each of you will be able to answer accurately about how you voted.

Each of you will be provided a draft copy of the verdict forms for your use in keeping track of your votes.

**Joint Proposed Instruction No. 43**

During the trial, materials have been shown to you to help explain testimony or other evidence in the case. Some of these materials have been admitted into evidence, and you will be able to review them during your deliberations.

Other materials have also been shown to you during the trial, but they have not been admitted into evidence. You will not be able to review them during your deliberations because they are not themselves evidence or proof of any facts. You may, however, consider the testimony given in connection with those materials.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 26, 2020, I filed the foregoing document entitled **JOINT PROPOSED JURY INSTRUCTIONS** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

_/s/ Stephen Parnell_
Stephen Parnell