Adam M. Zolonz, S.B.N. 250591
Jeffrey A. Zolonz, S.B.N. 73285
Stephen Parnell, S.B.N. 314517
LAW OFFICES OF ADAM ZOLONZ, A.P.C.
1680 N. Vine Street, Suite 912
Los Angeles, California, 90028
Telephone: 310.247.8230
Facsimile:  310.888.1129

David Ruben, S.B.N. 156681
SAGE LAW GROUP LLP
450 North Brand Blvd., Suite 600
Glendale, CA 91203
Telephone:  310-651-8485
Facsimile:   310 651-8923

Attorneys for Plaintiff
ADDE ISSAGHOLI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ADDE ISSAGHOLI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MCLAREN AUTOMOTIVE, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:19-cv-07616-MCS(KKx)<br><br>[Assigned to the Hon. Mark C. Scarsi]<br><br>**PLAINTIFF'S DISPUTED PROPOSED JURY INSTRUCTIONS**<br><br>**FPTC: November 9, 2020**<br>**Trial:   December 1, 2020**<br>**Dept.:   7C** |

**INDEX OF JURY INSTRUCTIONS**

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 1 | Stipulations of Fact | MCJI 2.2 [To be used if parties reach any stipulations; highlighted portions TBD] | 1 |
| 2 | Judicial Notice | MCJI 2.3 | 2 |
| 3 | Duration of Implied Warranty | CACI 3212 | 3 |
| 4 | Damages on Multiple Legal Theories (as modified) | CACI 3934 | 4 |
| 5 | Deposition in Lieu of Live Testimony | MCJI 2.4 [To be used if a witness is unavailable; highlighted portions TBD] | 5 |
| 6 | Tests and Experiments | MCJI 2.10 | 6 |
| 7 | Notification/Reasonable Time | CACI 1243 | 7 |
| 8 | Readback or Playback | MCJI 3.4 [To be used if a readback requested; highlighted portions TBD] | 8 |
| 9 | Affirmative Duty to Offer Reimbursement or Replacement | *Lukather v. GM* (2010) 181 Cal.App.4th 1041, 1050; *Oregel v.* | 9 |

| | | | |
|---|---|---|---|
| | | *American Isuzu Motors, Inc.* (2001) 90 Cal.App.4th 1094, 1103-1104 [109 Cal.Rptr.2d 583, 590]; Civil Code Section 1793.2 | |
| 10 | Breach of Implied Warranty of Merchantability – Discovery of Latent Defect | *Mexia v. Rinker Boat Company, Inc.* (2009) 174 Cal.App.4th 1297, 1304-1305. | 10 |
| 11 | Civil Penalty without a Showing of Willfulness | Civil Code Section 1794(e)(1) & (2) | 11 |
| 12 | Care and Custody Expenses as Incidental Damages | *Kirzhner v. Mercedes-Benz USA, LLC* (2020) 9 Cal.5th 966, 981 470 P.3d 56, 67, 266 [Cal.Rptr.3d 346, 360]; California Uniform Commercial Code sections 2711-2715; Civil Code Section 1794(b) | 12 |
| 13 | Good Faith Requires Consideration Of All Reasonably Available Information | *Kwan v. Mercedes-Benz of North America, Inc.* (1994) 23 Cal.App.4th 174, | 13 |

| | | |
|---|---|---|
| | | 186 [28 Cal.Rptr.2d 371, 378]; *Lukather v. General Motors, LLC* (2010) 181 Cal.App.4th 1041, 1051 [104 Cal.Rptr.3d 853, 862] |

Date: October  26 , 2020         LAW OFFICES OF ADAM ZOLOZN, APC

By: _____
    Stephen Parnell
    Attorneys for Plaintiff
    ADDE ISSAGHOLI

## Plaintiff's Disputed Proposed Instruction No. 1

The parties have agreed to certain facts to be placed in evidence that will be read to you. You must therefore treat these facts as having been proved.

- 2 -

## Plaintiff's Disputed Proposed Instruction No. 2

The court has decided to accept as proved the fact that:

1. At the time of entering into the lease agreement, the Defendant was in the business of distributing motor vehicles.
2. The new motor vehicle was a 2018 McLaren 720S with vehicle identification number SBM14DCA0JW002356.
3. The 2018 McLaren 720S was leased from O'Gara Coach Company LLC and then immediately assigned to Ally Financial.
4. The 2018 McLaren 720S was leased with a written limited warranty from Defendant.

You must accept these facts as true.

- 3 -

**Plaintiff's Disputed Proposed Instruction No. 3**

An implied warranty is in effect for one year after the sale of the new 2018 McLaren 720S, unless a shorter period is stated in a writing that comes with the vehicle, provided that the shorter period is reasonable. In no event will an implied warranty be in effect for less than 60 days.

The time period of an implied warranty is lengthened by the number of days that the 2018 McLaren 720S was made available by Plaintiff Adde Issagholi for repairs under the warranty, including any delays caused by circumstances beyond Plaintiff Adde Issagholi's control.

**Plaintiff's Disputed Proposed Instruction No. 4**

Plaintiff Adde Issagholi seeks damages from McLaren Automotive, Inc. under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether McLaren Automotive, Inc. is liable to Plaintiff Adde Issagholi under the following legal theories:

1. Breach of the implied warranty of merchantabilty; and

2. Breach of express warranty.

The following items of damages are recoverable only once under all of the above legal theories:

1. The lease payments for the 2018 McLaren 720S itself;

2. Charges for transportation and manufacturer-installed options;

3. Finance charges actually paid by Plaintiff Adde Issagholi;

4. Sales tax, license fees, registration fees, and other official fees; and

5. Incidental and consequential damages.

6. The difference is value between the goods accepted and the value they would have had if they had been as warranted.

## Plaintiff's Disputed Proposed Instruction No. 5

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [*name of witness*] was taken on [*date*]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## Plaintiff's Disputed Proposed Instruction No. 6

A test or experiment was conducted.

You observed the conditions under which that test or experiment was made. These conditions may or may not duplicate the conditions and other circumstances that existed at the time and place of the incident involved in this case.

It is for you to decide what weight, if any, you give to the test or experiment.

**Plaintiff's Disputed Proposed Instruction No. 7**

If a buyer is required to notify the seller that a product does not have the expected quality, is not suitable, or is in a harmful condition, he must do so within a reasonable time after he discovers or should have discovered this. A reasonable time depends on the circumstances of the case. In determining whether notice was given within a reasonable time, you must apply a more relaxed standard to a retail consumer than you would to a merchant buyer. A buyer notifies a seller by taking such steps as may be reasonably required to inform the seller regardless of whether the seller actually receives the notice.

## Joint Proposed Instruction No. 8

Because a request has been made for a readback of the testimony of [*witness's name*] it is being provided to you, but you are cautioned that all readbacks run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be read.] The readback could contain errors. The readback cannot reflect matters of demeanor, tone of voice, and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony read played cannot be considered in isolation, but must be considered in the context of all the evidence presented.

**Plaintiff's Disputed Proposed Instruction No. 9**

McLaren has an affirmative duty to promptly offer a repurchase or replacement for a vehicle if it is unable to repair the vehicle within a reasonable number of repair opportunities. A consumer has no obligation to make a request to McLaren for a repurchase or replacement of his/her vehicle.

## Plaintiff's Disputed Proposed Instruction No. 10

The implied warranty of merchantability may be breached by a defect undiscoverable during the warranty period, but which is later discovered to have existed during the warranty period.

- 11 -

**Plaintiff's Disputed Proposed Instruction No. 11**

If McLaren does not maintain a qualified third-party dispute resolution process, McLaren may be liable for a civil penalty of up to two times the amount of damages without a showing of willful conduct.

- 12 -

**Plaintiff's Disputed Proposed Instruction No. 12**

Registration renewal and nonoperation fees paid after McLaren's duty to promptly repurchase or replace the vehicle arose are recoverable as incidental damages incurred in the care and custody of a defective vehicle.

- 13 -

**Plaintiff's Disputed Proposed Instruction No. 13**

A decision made without the use of reasonably available information germane to that decision is not a reasonable, good faith decision.

# CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2020, I filed the foregoing document entitled **PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

        */s/ Stephen Parnell*
        Stephen Parnell