UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDE ISSAGHOLI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MCLAREN AUTOMOTIVE, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:19–cv–07616 MCS (KKx)<br><br>**ORDER DENYING DEFENDANT MCLAREN AUTOMOTIVE, INC.'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT MCLAREN AUTOMOTIVE, INC.'S REQUEST FOR JUDICIAL NOTICE, AND GRANTING PLAINTIFF ADDE ISSAGHOLI'S REQUEST FOR JUDICIAL NOTICE** |

Defendant McLaren Automotive, Inc. ("MAI") moves for summary judgment on the claims in Plaintiff Adde Issagholi's ("Issagholi") complaint. ("Def.'s Mot. Summ. J," ECF No. 28-1). Along with the motion for summary judgment, MAI filed a Statement of Uncontroverted Facts and Conclusions of Law, multiple exhibits, and a declaration. ("Def.'s SUF," ECF No. 28-10; "Def.'s Ex.'s A-E," ECF Nos. 28-3 – 28-7; "Decl. Michael LeRoy," ECF Nos. 28-8, 28-9). Issagholi filed an Opposition, his own declaration, multiple exhibits, responses to Def.'s SUF, and evidentiary objections to Michael Leroy's declaration. ("Pl.s' Opp'n," ECF No. 30; "Issagholi Decl.," ECF

1

Nos. 30-2, 30-7; "Pl.'s Ex.'s 1-4, 6," ECF No. 30-3 – 30-6, 30-8; "Pl.'s Resp. to Def.'s SUF," ECF No. 30-10; "Evidentiary Obj. to Leroy Decl.," ECF No. 30-11). MAI then filed a Reply, additional exhibits, evidentiary objections, and a response to Issagholi's evidentiary objections. ( "Def.'s Reply," ECF No. 31; "Def.'s Reply Ex.'s 1-4," ECF Nos. 31-2 – 31-5; "Def.'s Evid. Obj.," ECF No. 31-6; "Resp. to Obj. to Leroy Decl.," ECF No. 31-7). Both MAI and Issagholi ("Parties") also filed Requests for Judicial Notice ("Def.'s RJN," ECF No. 28-11; "Def.'s Ex. 1 ISO RJN," ECF No. 28-12; "Pl.'s RJN," ECF No. 30-9; "Pl.'s Ex. 1," ECF No. 30-3; "Pl.'s Ex. 2," ECF No. 30-4). Oral argument was heard on October 26, 2020. For the following reasons, MAI's Motion for Summary Judgment is **DENIED**.[1] Both Issagholi's and MAI's Requests for Judicial Notice are **GRANTED**.[2]

## I. BACKGROUND

This dispute arises out of Issagholi's Song-Beverly Consumer Warranty Act ("Song-Beverly") claims for breach of implied warranty of merchantability and express warranty related to a lease of a 2018 McLaren 720s ("Subject Vehicle"). Def.'s SUF ¶¶ 1, 2. Issagholi alleges that in September 2018, he "leased . . . the subject Vehicle from" MAI and that the Subject Vehicle has certain "nonconformities [that] continue to exist even after a reasonable number of attempts to repair was given." Compl. ¶¶ 6, 13.

---

[1] Both parties submitted objections to evidence. Some objected-to evidence is unnecessary to the resolution of the motion, and some supports facts not in dispute. As such, the Court need not resolve many of the objections at this time. To the extent the Court relies on objected-to evidence in this Order, the relevant objections are **OVERRULED**. *See Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006) ("[O]bjections to evidence on the ground that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself.").

[2] The Court takes judicial notice of Def.'s Ex. 1 ISO RJN (ECF No. 28-12), Pl.'s Ex. 1 (ECF No. 30-3), and Pls.'s Ex. 2 (ECF No. 30-4), which are all matters of public record. Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); *see McFall v. Cty. Of San Joaquin*, No. 2:17-cv-0847-KJM-AC, 2018 WL 5619960 at *2 (E.D. Cal. Oct. 30, 2018) (taking judicial notice of "Statements of Information . . . filed with the California Secretary of State"); *see also Global BTG LLC v. National Air Cargo, Inc.*, No. CV 11-1657 RSWL (JCGx), 2011 WL 2672337 at *1 (C.D. Cal. June 29, 2011) (taking judicial notice of "articles of organization").

Issagholi seeks various types of damages, "replacement or restitution," and "other relief against MAI under the Song-Beverly Act." Def.'s SUF ¶¶ 17-21.

During at least part of the time there was a lease for the Subject Vehicle, Issagholi had an LLC called Mastermind Merch LLC, which he allegedly wanted to turn into an S Corporation, and a corporation titled MereXMortals, Inc. Def.'s Ex. 1 ISO RJN; Pl.'s Ex. 1; Pls.'s Ex. 2; Bedrossian Dep. 20:23-21:3, ECF No. 28-7. MAI contends that Issagholi has not sustained any damages because Mastermind Merch LLC and MereXMortals, Inc., not Issagholi, made the payments on the Subject vehicle. Def.'s Mot. Summ. J. 4. During Issagholi's deposition, he stated that he used a business debit card related to MereXMortals, Inc. to pay the insurance and lease payments for the Subject Vehicle. Issagholi Dep. 71:7-73:23, ECF No. 28-6. Massis Bedrossian, the CPA for Issagholi and his companies, testified at deposition that at least some of the lease payments and insurance were paid with a debit card related to MereXMortals, Inc. Bedrossian Dep. 35:18-36:23, 40:10-12, ECF No. 28-7. Bedrossian also stated it was possible other payments were made using a closed account related to Mastermind Merch, LLC. Bedrossian Dep. 47:6-47:25, ECF No. 27. He did not know if any down payment related to the Subject Vehicle came from the business account. Bedrossian Dep. 42:12-14, ECF No. 28-7. The lease for the Subject Vehicle lists Issagholi's name on it. Pl.'s Ex. 5. Issagholi also alleges in a declaration that he used "personal funds at lease signing," "purchased a car cover" and that "the registration . . . has been renewed twice." Issagholi Decl. ¶¶ 5-7.

MAI filed a motion for summary judgment claiming Issagholi has not sustained any damages because Mastermind Merch LLC and MereXMortals, Inc. made all of the payments related to the Subject Vehicle. Def.'s Mot. Summ. J. 4. Issagholi opposed the Motion, and MAI filed a Reply. *See* Pl.'s Opp'n; *see also* Def.'s Reply.

**II.   LEGAL STANDARD**

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.

56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A fact is material when, under the governing law, the resolution of that fact might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex*, 477 U.S. at 322–23, and the court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007). To meet its burden, "[t]he moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000). Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). There is no genuine issue for trial where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. *Id.* at 587.

### III. DISCUSSION

Under Song-Beverly, "[a]ny buyer of consumer goods who is damaged by a failure to comply with any obligation under this chapter or under an implied or express warranty or service contract may bring an action for the recovery of damages and other legal and equitable relief." Cal. Civ. Code § 1794(a). Song-Beverly defines "buyer" as "any individual who buys consumer goods from a person engaged in the business of manufacturing, distributing, or selling consumer goods at retail." Cal. Civ. Code. § 1791(b).

MAI alleges that Issagholi "cannot demonstrate that he has been 'damaged'" under Song-Beverly "because he has not personally incurred any monetary loss related

to this matter." Def.'s Mot. Summ. J. 2. However, there is still a genuine dispute over the material fact of whether Issagholi used personal funds for the down payment on the lease, the car cover, and registration, thus negating MAI's argument regarding monetary loss. Fed. R. Civ. P. 56(a); Issagholi Decl. ¶¶ 5-7; Issagholi Dep. 58:8-60:13, 224:2-9, ECF No. 31-2. MAI asserts that "a corporation has made the lease payments for the Subject Vehicle" and "any damages alleged by Plaintiff in this action would be incurred by the corporation, not Plaintiff in his individual capacity." Def.'s Mot. Summ. J. 2. Issagholi alleges that he used personal funds to pay: the amount owed on the date of signing the lease, the amount for the car cover, and possibly the registration. *See* Issagholi Decl. ¶¶ 5-7; *see also* Pl.'s Ex. 5; Issagholi Dep. 59:7-60:13, ECF No. 31-2. The copy of the lease for the Subject Vehicle lists "Adde Issagholi" as the lessee. Pl.'s Ex. 5. The lease also does not have the box checked for "Commercial, Business, or Agricultural." *Id*. While Issagholi claims in his declaration that he "paid $9,500 of my personal funds at lease signing," which is different than the $9,467 listed as "Amount Due at Lease Signing of Delivery (Itemized Below)*," Issagholi nonetheless asserts that he paid some amount out of his "personal funds." Issagholi Decl.; Pl.'s Ex. 5. And during the deposition of Massis Bedrossian, Issagholi's CPA, Bedrossian stated he did not know whether the down payment was paid for with funds from a bank account associated with Issagholi's businesses or not. Bedrossian Dep. 42:12-14, ECF No. 28-7. Issagholi also asserts in his declaration that he "purchased a car cover" and that "the registration . . . has been renewed twice." Issagholi Decl. ¶¶ 6, 7. In summary, a dispute still exists as to whether Issagholi used his own funds for certain payments related to the Subject Vehicle, thus disfavoring the granting of MAI's motion for summary judgment.

MAI also argues that Issagholi's declaration asserting he used his own funds for certain payments related to the Subject Vehicle is a "sham declaration." *See* Def.'s Reply 5-7. The sham declaration rule "prevents 'a party who has been examined at length on deposition' from 'rais [ing] an issue of fact simply by submitting an affidavit

5

1  contradicting his own prior testimony'." *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th
2  Cir. 2012) (citing *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991)
3  (internal quotation marks omitted)). The sham declaration rule applies after the district
4  court "make[s] a factual determination that the contradiction is a sham, and the
5  'inconsistency between a party's deposition testimony and subsequent affidavit must be
6  clear and unambiguous to justify striking the affidavit.'" *Id*. (quoting *Van Asdale v. Int'l
7  Game Tech.*, 577 F.3d 989, 998-99 (9th Cir 2009)). This "rule is in tension with the
8  principle that a court's role in deciding a summary judgment motion is not to make
9  credibility determinations or weigh conflicting evidence." *Van Asdale*, 577 F.3d at 998.
10  Courts should be careful in applying this rule. *Yeager*, 952 F.2d at 1080.

11      Issagholi's declaration does not fall under the sham declaration rule, as any
12  alleged inconsistencies are not so "clear and unambiguous" as to "justify striking" his
13  declaration. *Van Asdale*, 577 F.3d at 998-99. Issagholi's declaration stating he
14  "purchased a car cover for the vehicle" is not contradicted by his deposition testimony
15  about the car cover, as MAI alleges. Def.'s Reply 5. In the portion of Issagholi's
16  deposition MAI cites when arguing the declaration contradicts the deposition
17  concerning the car cover, Issagholi simply stated he believed the payment was "rolled
18  into" some other payment but he is "not sure." Issagholi Dep. 224:11-23. MAI also
19  points to a portion of Issagholi's transcript where he allegedly "does not identify the
20  $9,500 payment as part of his damages." Def.'s Mot. Summ. J. 6. However, MAI only
21  cites as evidence of a contradiction on this topic Issagholi's one answer to a question
22  about whether there are "other out-of-pocket expenses besides the registration fees and
23  your insurance." Issagholi Dep. 224:2, ECF No. 31-2. In response, Issagholi merely
24  stated he "believed[d] that's it." *Id*. Neither of these situations rise to the "clear and
25  unambiguous" standard needed for the sham declaration rule.

26      MAI also alleges that the amount of times Issagholi "responded 'I don't know,'
27  'I don't recall,' or 'I don't remember,'" regarding certain aspects of his claim should
28  lead this court to find that the declaration was a sham. Def.'s Reply 7; *See Yeager v.*

6

*Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012). In *Yeager*, the deponent "stated that he did not recall significant or difficult-to-forget events in the recent past, such as testifying in court or his involvement in a plane crash," but then provided a declaration with "many facts that Yeager could not remember at his deposition." *Id*. 1079, 1080. Based on this, "the district court found that 'the disparity between the affidavit and deposition is so extreme that the court must regard the differences between the two as contradictions.'" *Id*. at 1081.

Here, MAI seems to assert that Issagholi's responses of not remembering certain facts regarding damages should cause the Court to hold that this declaration is a sham. Def.'s Reply 7. However, MAI does not point the Court to specific instances where Issagholi stated that he did not know the answer or could not remember, but then provided an answer showing knowledge or recollection in the declaration. *See* Def.'s Reply 7. Given that MAI has not shown clear instances where Issagholi's responses of not being able to remember or recall are then contradicted by the declaration in a manner at the level found in *Yeager*, the Court rejects finding that the declaration is a sham on this basis. *See Yeager*, 952 F.2d at 1080.

MAI also makes a slightly different argument regarding Issagholi's claims in paragraphs 4, 5, and 7 of his declaration relating to the actual amount he paid at signing and the amount paid for registration. MAI alleges that Issagholi's claims here should be disregarded because he "has not submitted any competent, admissible evidence" about the lease amount being allegedly incorrect, "did not identify the $9,500 payment as part of his damages" during the deposition, and did not provide documentation about the amount he paid. Def.'s Reply 5, 6. MAI also asserts that Issagholi's claim for registration fees should be disregarded because Issagholi's declaration "does not state that he personally paid the registration fees," he did not produce any receipts in discovery, and he could not remember the amount of money on the receipts for registration or how he paid for the registration. Def.'s Reply 7. Finally, MAI argues that Issagholi "provided nothing either by deposition or responses that the subject vehicle's

7

value has been diminished," despite the fact that the "Responses to Special Interrogatories" appear to include some response. Def.'s Reply 6; *see* Pl.'s Ex. 6; *Magana v. Com. of the Northern Mariana Islands*, 107 F.3d 1436, 1447 (9th Cir. 1997) (stating that "[d]epositions, answers to interrogatories, admissions on file, and affidavits must also be evaluated" on a motion for summary judgment.). MAI is essentially asking the Court to "engage in '[c]redibility determinations' or 'the weighing of evidence.'" *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). This Court will not engage in this analysis, as "those are functions reserved for the jury." *Id*.

## IV.  CONCLUSION

Based on the above, there is still a genuine issue of material fact as to whether Issagholi made payments related to the Subject Vehicle using his personal funds. Therefore, MAI's Motion for Summary Judgment is **DENIED**. Both MAI's and Issagholi's Requests for Judicial Notice are **GRANTED**.

**IT IS SO ORDERED.**

Dated: October 26, 2020

HON. MARK C. SCARSI
UNITED STATES DISTRICT JUDGE