NELSON MULLINS RILEY & SCARBOROUGH LLP
LISA M. GIBSON (SBN 194841)
SHAWTINA F. LEWIS (SBN 259255)
19191 South Vermont Ave., Suite 900
Torrance, CA  90502
Telephone:  424.221.7400
Facsimile:   424.221.7499
Email:      lisa.gibson@nelsonmullins.com
            shawtina.lewis@nelsonmullins.com

Attorneys for Defendant
MCLAREN AUTOMOTIVE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

| | |
|---|---|
| ADDE ISSAGHOLI, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>MCLAREN AUTOMOTIVE, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No.: 2:19-cv-07616-MCS (KKx)<br><br>**DEFENDANT MCLAREN AUTOMOTIVE, INC.'S AMENDED MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OR CLAIM OF DAMAGES TO PLAINTIFF; DECLARATION OF LISA M. GIBSON**<br><br>Complaint Filed: July 31, 2019<br>[Los Angeles County Superior Court Case No. 19STCV26670] |

McLaren Automotive, Inc. ("MAI") submits the following Amended Motion in Limine No. 4 to exclude evidence or claims of damages to plaintiff Adde Issagholi, as permitted by the Court on November 9, 2020.

## I. INTRODUCTION

This breach of warranty "lemon law" action involves a 2018 McLaren 720s (VIN SBM14DCA0JW002356) (the "Vehicle"), which was leased by plaintiff Adde Issagholi ("Plaintiff") on September 28, 2018 for $290,204.08. The Vehicle is essentially a hand-built race car for street use, generally referred to as being a "supercar" because of its high performance characteristics.

On October 19, 2020, MAI filed a motion in limine to exclude evidence or claim of damages to Plaintiff. The motion was based on the undisputed facts that any damages incurred in connection with the Vehicle were actually incurred by Plaintiff's business, not Plaintiff. The lease and insurance payments for the Vehicle were made by MereXMortals, a business that Plaintiff does not even hold a majority ownership, owning just short of a majority at 50%. This is undisputed. It is also well established that shareholders are not generally entitled to recover the harm suffered by a corporation. Here, Plaintiff is not just trying to recover his proportionate share of the corporation's damages, he is (as a 50-percent shareholder) trying to claim 100 percent of the "harm." As such, Plaintiff is seeking to recover what he is not entitled to, including a 50% share windfall too.

On October 26, 2020, the Court heard MAI's motion for summary judgment which established Plaintiff has not sustained any damages because his business made all the payments related to the Vehicle. However, the Court denied the motion, finding "there is still a genuine issue of material fact as to whether Issagholi made payments related to the Subject Vehicle using his personal funds." Dkt. #56, p. 8. Specifically, the Court found the triable issue exists because Plaintiff's declaration states he paid $9,500 of his personal funds at lease signing, he purchased a car cover, and the vehicle's registration was renewed twice. Dkt. #56, p. 5.

On November 9, 2020, the Court held the final pretrial conference in this matter and continued the conference and the hearing on the pending motions in

2

CASE NO.: 2:19-cv-07616 MCS (KKx)
MCLAREN AUTOMOTIVE INC'S AMENDED MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF CLAIM OF DAMAGES TO PLAINTIFF

limine to May 10, 2021. The Court also ruled that, in light of the recent summary judgment ruling, it would allow the parties to modify and refile their motions in limine by April 19, 2021.

Significantly, throughout the course of this litigation, Plaintiff has engaged in a juvenile game of hide-and-seek by refusing to produce written discovery and information in response to MAI's requests, failing to cooperate in helping to schedule the deposition of Plaintiff's 50-percent business partner despite her disclosure by Plaintiff as a witness possessing relevant information, unreasonably resisting MAI's amended notice to inspect the subject vehicle, and exhibiting a total lack of candor during cross examination, in particular about damages, in deposition. Plaintiff responded "I don't know," "I don't recall," or "I don't remember" hundreds of times to the questions posed by counsel for MAI, including to questions related to damages. Allowing Plaintiff to produce evidence relating to damages which was not disclosed would be unfairly prejudicial as it would mislead and confuse the jury into believing that Plaintiff is entitled to damages in this matter which are not recoverable. Consequently, such evidence should be excluded under Federal Rule of Evidence 403.

To date, Plaintiff has only disclosed the following damages that he alleges he personally paid towards the Vehicle: (1) $9,500 at the time of the lease signing; and (2) car cover for approximately $900. Dkt. #30-2. Plaintiff's declaration in support of the motion also states "the registration for the vehicle that is the subject of this suit has been renewed twice" (Dkt. #30-2, ¶ 7), but Plaintiff does not state he personally paid for the registration renewal with his personal funds. The omission from his declaration is most likely because his business actually made the payments.

Accordingly, this motion should be granted and Plaintiff should be limited to claiming, at most, $10,400 in damages.

3

CASE NO.: 2:19-cv-07616 MCS (KKx)
MCLAREN AUTOMOTIVE INC'S AMENDED MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF CLAIM OF DAMAGES TO PLAINTIFF

## II. **PLAINTIFF HAS NOT DISCLOSED EVIDENCE THAT HE SUSTAINED DAMAGES, AS OPPOSED TO HIS COMPANY**

It is generally recognized that a shareholder may not recover individually for harm to a corporation. *Hilliard v. Harbour,* 12 Cal. App. 5th 1006, 1013 (2017); *see also Desaigoudar v. Meyercord*, 108 Cal. App. 4th 173, 183 (2003) ("when a corporation has suffered an injury to its property the corporation is the party that possesses the right to sue for redress").

As the California Supreme Court recognized in *Grosset v. Wenaas*, 42 Cal. 4th 1100, 1108 (2008):

> It is fundamental that a corporation is a legal entity that is distinct from its shareholders. . . . This includes the authority to commence, defend, and control actions on behalf of the corporation. . . . Because a corporation exists as a separate legal entity, the shareholders have no direct cause of action or right of recovery against those who have harmed it.

Here, Plaintiff cannot individually assert claims on behalf of the companies and his claims in this matter are not derivative in nature. Plaintiff also ignores the tax benefits obtained by the company for paying for the vehicle and, more importantly, he fails to apprise the Court that he is merely a co-owner of the company. Plaintiff's accountant, Massis Bedrossian, testified Christine Estepanian is a 50-50 partner with Plaintiff and an officer of MereXMortals, Inc., the company that made lease payments for the vehicle. (Ex. 4, Bedrossian Depo, p. 23:1-18.) As such, it is not true that Plaintiff is the sole owner of the company and its losses and profits would pass through him. Notably, again Defendant was thwarted in further discovery about Ms. Estepanian's role in this case. Ms. Estepanian failed to show for her noticed deposition and Plaintiff refused to offer any assistance in rescheduling it.

The federal rules of discovery require a party to disclose evidence regarding the damages the party allegedly sustained. Here, the discovery process revealed that Plaintiff's business, MereXMortals, made the lease and insurance payments

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

4

CASE NO.: 2:19-cv-07616 MCS (KKx)
MCLAREN AUTOMOTIVE INC'S AMENDED MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF CLAIM OF DAMAGES TO PLAINTIFF

for the Vehicle. Plaintiff did not disclose any evidence that he personally sustained any damages related to the Vehicle until he submitted a declaration on October 5, 2020 in opposition to MAI's motion for summary judgment. Significantly, Plaintiff only disclosed the following damages that he alleges he personally paid towards the Vehicle in his declaration: (1) $9,500 at the time of the lease signing; and (2) car cover for approximately $900. Dkt. #30-2.

In order to recover under the Song-Beverly Act, a plaintiff must establish that he has been "damaged" by a violation of the Act. Cal. Civ. Code § 1794(a). A plaintiff is only entitled to recover monetary damages actually incurred under the Song-Beverly Consumer Warranty Act. *Bishop v. Hyundai Motor America*, 44 Cal. App. 4th 750, 758 (1996).

In *Bishop*, the plaintiff argued that she was entitled to compensation for loss of use of the vehicle even though she did not incur any out of pocket loss. The Court rejected plaintiff's contention and held that only damages for monetary losses *actually incurred* were allowed under the Act. The Court recognized that under Civil Code section 1794, a plaintiff may only recover specified actual damages for breach of warranty. *Id.* at 757-58, *citing Kwan v. Mercedes-Benz of North America, Inc.*, 23 Cal. App. 4th 174 (1994). The Court stated:

> The limitation is consistent with all other statutory provisions and authorities referring to breach of contract damages in that it permits a buyer to recover monetary losses, but not be 'compensated' for 'losses' resulting in no monetary deprivation.

*Id*. at 758.

It is undisputed that Plaintiff did not make any lease or insurance payments for the Vehicle. Plaintiff also did not produce any facts or documents to establish he personally sustained any losses or damages with the Vehicle, other than a declaration on October 5, 2020 that identifies $10,400 in alleged damages. Plaintiff also failed to provide a single document in response to Defendant's Request Nos. 3 (for all documents supporting Plaintiff's claim for damages) and 9

5

CASE NO.: 2:19-cv-07616 MCS (KKx)
MCLAREN AUTOMOTIVE INC'S AMENDED MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF CLAIM OF DAMAGES TO PLAINTIFF

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

(for all documents relating to Plaintiff's out of pocket costs and expenses). In response to Defendant's Interrogatory Nos. 7, 8 and 9 requesting Plaintiff provide the total amount of all damages, including actual, incidental and consequential costs as well as out of pocket expense incurred, Plaintiff provided nothing in terms of an amount paid by him at lease signing. Exs. 1, 2.

It was not until MAI filed a motion for summary judgment that Plaintiff attempted to submit a self-serving, contradictory and unsubstantiated declaration stating he personally made some payments to try to create a genuine issue of material fact. However, established law holds a party cannot create an issue of fact by a declaration contradicting his or her own deposition or other sworn testimony. *See Cleveland v. Policy Mgmt. Systems Corp.*, 526 U.S. 795, 806 (1999); *Van Asdale v. International Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009).

Accordingly, Plaintiff must be precluded from introducing any evidence or claim that he personally sustained damages, other than the $9,500 at the time of lease signing and approximately $900 for a car cover.

## III. PLAINTIFF'S DECLARATION ATTEMPTS TO NEGATE HIS SWORN DEPOSITION TESTIMONY

In addition, the declaration that Plaintiff submitted in opposition to MAI's motion for summary judgment inappropriately attempts to contradict his sworn deposition testimony.

To illustrate, Paragraph 6 of the declaration states Plaintiff personally purchased a car cover for approximately $900. Yet, at his deposition, Plaintiff testified the cost of the car cover was rolled into his lease payments:

> Q. Would you also have paid for a car cover?
>
> A. So, yes, can I explain that?
>
> Q. Yes. 16:40
>
> A. So when I purchased the vehicle, I believe the company that McLaren says does the racks, I believe they're called, is I-Jet, or I-Set, or something like that, and basically they just make sure that no rocks hit the front bumper. But that was -- I paid for that,

6

CASE NO.: 2:19-cv-07616 MCS (KKx)
MCLAREN AUTOMOTIVE INC'S AMENDED MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF CLAIM OF DAMAGES TO PLAINTIFF

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

> and that hasn't been installed on my vehicle. McLaren never called me to come in to actually have that installed. I paid for it. ***I believe it's rolled into my payment***. I'm not sure if it is or not, but I don't have that. It was never -- McLaren never told me to bring the car back so they can actually put on the rack, I-Jet, or Ice-Jet, I don't know.

Ex. 3, Issagholi Depo, p. 224:8-23, emphasis added.

The undisputed facts establish the lease payments are not made by Plaintiff, so it necessarily follows that Plaintiff did not pay for the cost of the car cover that was rolled into the lease. Plaintiff also has not produced any documentation (as requested in written discovery) to establish he personally paid for any car cover.

Further, when Plaintiff was asked at his deposition to set forth his out-of-pocket expenses that he is claiming as damages, he did not identify the $9,500 down payment he now claims he personally paid:

> Q. What other out-of-pocket expenses besides the registration fees and your insurance would you have in terms of damages that you're -- that you're claiming?
>
> A. Registration, insurance, I believe that's it.

Ex. 3, Issagholi Depo, p. 224:2-9.

Plaintiff never raised the issue of the $9,500 down payment during his deposition, even though he was extensively questioned regarding the lease and his alleged damages. Moreover, Plaintiff failed to this date to provide a single document in response to Defendant's Request Nos. 3 (for all documents supporting Plaintiff's claim for damages) and 9 (for all documents relating to Plaintiff's out of pocket costs and expenses). In response to Defendant's Interrogatory Nos. 7, 8 and 9 requesting Plaintiff provide the total amount of all damages, including actual, incidental and consequential costs as well as out of pocket expense incurred, Plaintiff provided nothing in terms of an amount paid by him at lease signing. Exs. 1, 2.

7

CASE NO.: 2:19-cv-07616 MCS (KKx)
MCLAREN AUTOMOTIVE INC'S AMENDED MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF CLAIM OF DAMAGES TO PLAINTIFF

As such, no evidentiary value should be given to Plaintiff's declaration or similar testimony at trial that he personally paid $9,500 for the down payment and $900 for a car cover.

## IV. THE COURT SHOULD EXCLUDE EVIDENCE REGARDING ALLEGED CONSEQUENTIAL, OUT OF POCKET AND LOSS OF USE DAMAGES UNDER FEDERAL RULE OF EVIDENCE RULE 403

The Court has the inherent power to exclude evidence, even if relevant, when the prejudicial impact of the evidence outweighs its probative value. Federal Rule of Evidence 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Here, Plaintiff failed to produce evidence that he personally sustained damages in connection with the Vehicle, other than a self-serving declaration that was submitted on October 5, 2020 that only identified $10,400 in alleged personal damages. It is also undisputed by Plaintiff that a business made all the lease and insurance payments for the Vehicle.

Allowing Plaintiff to submit evidence and/or claim he is entitled to damages greater than $10,400 would provide Plaintiff with a windfall, as he has not submitted any evidence to establish he has personally made any other payments towards the Vehicle. The purpose of the Song-Beverly Act is to restore a plaintiff to the *status quo ante* and not place the plaintiff in a better position and/or allow them to receive a windfall. *See Niedermeier v. FCA US LLC*, 56 Cal. App. 5th 1052, 1071 (2020). Allowing Plaintiff to submit evidence that he is entitled to recover anything above $10,400 would place Plaintiff in a better position and not restore the *status quo ante*.

8

CASE NO.: 2:19-cv-07616 MCS (KKx)
MCLAREN AUTOMOTIVE INC'S AMENDED MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF CLAIM OF DAMAGES TO PLAINTIFF

Accordingly, permitting Plaintiff to present evidence of alleged damages, including those for consequential, out of pocket and loss of use, to the jury would be confusing and misleading insofar as it presents a substantial risk that the jury would confuse the issues and determine that Plaintiff would be entitled to damages which were not disclosed and which were not actually incurred by Plaintiff. Accordingly, to avoid prejudice to MAI, this evidence should be excluded and MAI's motion should be granted.

## V.  CONCLUSION

For the foregoing reasons, the Court should enter an order precluding any evidence or claim of damages to plaintiff Adde Issagholi.  At most, the Court should preclude any evidence of damages to plaintiff Adde Issagholi, other than the $10,400 identified in the declaration Plaintiff submitted on October 5, 2020.

Dated:  April 19, 2021

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By _____
Lisa M. Gibson
Shawtina F. Lewis
Attorneys for Defendant
MCLAREN AUTOMOTIVE, INC.

9

CASE NO.: 2:19-cv-07616 MCS (KKx)
MCLAREN AUTOMOTIVE INC'S AMENDED MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF CLAIM OF DAMAGES TO PLAINTIFF

## DECLARATION OF LISA M. GIBSON

1. I am an attorney at law, duly licensed to practice before all courts of the State of California. I am a Partner with the law firm of Nelson, Mullins, Riley & Scarborough LLP, counsel of record for Defendant McLaren Automotive, Inc. ("MAI") in this matter. I make this Declaration in Support of MAI's motion in limine. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. On March 6, 2020, MAI served the first set of requests for production and interrogatories to plaintiff. True and correct copies of the requests are attached hereto as **Exhibit 1**.

3. On May 1, 2020, Plaintiff served responses to the first set of requests for production and interrogatories. True and correct copies of the responses are attached hereto as **Exhibit 2**.

4. On July 23, 2020, I took the deposition of Plaintiff Adde Issagholi. True and correct copies of pertinent excerpts from the deposition are attached hereto as **Exhibit 3**.

5. On September 3, 2020, I took the deposition of Plaintiff's accountant, Massis Bedrossian. True and correct copies of pertinent excerpts from the deposition are attached hereto as **Exhibit 4**.

6. I have been personally involved in conducting discovery in this matter. Throughout the course of this litigation, Plaintiff and/or his counsel has engaged in a juvenile game of hide-and-seek by refusing to produce written discovery and information in response to Defendant's requests, failing to cooperate in helping to schedule the deposition of Plaintiff's 50-percent business partner despite her disclosure by Plaintiff as a witness possessing relevant information, unreasonably resisting Respondent's amended notice to inspect the subject vehicle and exhibiting a total lack of candor during cross examination, in particular about damages, in deposition.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on April 19, 2021, at Torrance, California.

*/s/ Lisa M. Gibson*
Lisa M. Gibson

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2021, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses for counsel of record registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

By: */s/ Lisa M. Gibson*
Lisa M. Gibson