UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDE ISSAGHOLI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MCLAREN AUTOMOTIVE, INC., et al.,<br><br>　　　　Defendants. | Case No. 2:19-cv-07616-MCS (KKx)<br><br>**ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING RULING IN PART ON DEFENDANT'S MOTIONS IN LIMINE (ECF NOS. 37–41, 63)** |

　　Defendant McLaren Automotive, Inc. ("Defendant") moves in limine to (1) exclude Christineh Estepanian as a witness at trial, (MIL No. 1, ECF No. 37); (2) exclude evidence or references to Defendant's recall or open campaigns, (MIL No. 2, ECF No. 38); (3) exclude evidence or argument regarding Plaintiff Adde Issagholi's ("Plaintiff") personal expectations of the vehicle, (MIL No. 3, ECF No. 39); (4) exclude evidence or claims of certain damages to Plaintiff, (MIL No. 4, ECF Nos. 40 and 63); and (5) exclude evidence or reference to McLaren Automotive, Inc.'s size, wealth, or resources, (MIL No. 5, ECF No. 41). Plaintiff opposes the first, third, and fourth motions. (Opp'n to MIL No. 1, ECF No. 51; Opp'n to MIL No. 3, ECF No. 52;

Opp'n to MIL No. 4, ECF No. 64.) Plaintiff does not oppose the second and fifth motions in limine.

## I. BACKGROUND

Plaintiff brings claims under the Song–Beverly Consumer Warranty Act for breach of implied warranty of merchantability and breach of express warranty. Plaintiff claims that he leased a defective 2018 McLaren 720S ("Vehicle") and Defendant failed to repair, replace, or buyback the vehicle. Pl.'s Mem. of Contentions of Fact & Law 2, ECF No. 42.

## II. DISCUSSION

### A. Defendant's Motion In Limine No. 1

Defendant seeks to exclude Christineh Estepanian ("Estepanian") as a witness. MIL No. 1. Estepanian is Plaintiff's business partner and Plaintiff identified her in discovery as a witness. *Id*. at 2. Defendant served Estepanian with a subpoena for her deposition twice and she failed to attend the deposition. *Id*. at 2–4. On this basis, Defendant seeks to exclude Estepanian as a witness.

Plaintiff does not oppose this motion because he does not plan "to call . . . Estepanian" as a witness. Opp'n to MIL No. 1, at 2. Plaintiff only opposes excluding Estepanian if "Defendant either cross–examines Plaintiff with respect to Ms. Estepanian or otherwise treads into areas on cross–examination or in its case–in–chief which might require her to corroborate or dispute certain facts." *Id*.

Defendant does not state whether it plans to cross–examine Plaintiff about Estepanian. The Court therefore defers ruling on this motion in limine. Parties can present arguments during trial if the need arises.

### B. Defendant's Motion In Limine No. 3

Defendant expects Plaintiff to "reference and/or to introduce evidence or testimony regarding his personal expectations for the Vehicle and whether the Vehicle met those expectations." MIL No. 3, at 2. Defendant seeks to preclude evidence about Plaintiff's personal expectations because the probative value of such evidence is

2

outweighed by the danger of unfair prejudice and misleading the jury. *Id*. at 3–6.

The Court **DENIES** this motion in limine because Defendant has not provided the Court with specific evidence that Defendant considers to be improper. Instead, Defendant can object at trial when it believes Plaintiff has provided improper testimony or evidence.

### C. Defendant's Motion in Limine No. 4

Defendant seeks "to exclude evidence or claims of damages to Plaintiff" on the basis that "any damages incurred in connection with the Vehicle were actually incurred by Plaintiff's business, not Plaintiff." MIL No. 4, ECF No. 63, at 1, 2. Defendant first argues that Plaintiff should be limited to claiming $10,400 in damages because he only paid $9,500 when he signed the lease and $900 for a car cover while Plaintiff's corporation made the additional lease payments. *Id*. at 3–6. Defendant next argues that "no evidentiary value should be given to Plaintiff's declaration or similar testimony at trial that he personally paid $9,500 for the down payment and $900 for a car cover." *Id*. at 8.

Plaintiff alleges that it is irrelevant who paid the lease for purposes of claiming damages. *See generally* Opp'n, ECF No. 64. Plaintiff also alleges that the corporation could not have made all of the lease payments because Plaintiff signed the lease in September 2018 but created the corporation in October 2019. *Id*. at 10.

The Court denies this motion because it is an improper "disguised motion[] for summary adjudication." Order re: Jury/Court Trial 8. Defendant has also not identified which evidence the Court would be excluding if the Court grants the motion to only allow Plaintiff to allege $10,400 in damages. *See* MIL No. 4, at 3. Defendant additionally wants the Court to exclude "Plaintiff's declaration or similar testimony" about his alleged $10,400 in damages because it contradicts his deposition testimony. MIL No. 4, at 6–8. The jury, and not the Court, should determine whether Plaintiff's declaration or potential testimony contradicts his deposition.

///

For the foregoing reasons, the Court **DENIES** Defendant's fourth motion in limine.[1] Trial 8.

### D. Defendant's Motions in Limine Nos. 2 and 5

Plaintiff does not oppose Defendant's second and fifth motions in limine. The Court therefore **GRANTS** Plaintiff's second and fifth motions in limine.

## III. CONCLUSION

The Court defers ruling on Defendant's first motion in limine. The Court grants Defendant's second and fifth motions in limine because Plaintiff does not oppose these motions. The Court denies Defendant's third and fourth motions in limine.

Plaintiff shall not introduce or elicit evidence concerning:

- Defendant's recall or open campaigns; or
- Defendant's size, wealth, or resources.

Plaintiff shall caution, warn, and instruct their witnesses not to make any references to any evidence excluded by this Order. All decisions on motions in limine are subject to reevaluation at trial. *See* Fed. R. Evid. 103, advisory committee's note to 2000 amendment ("Even where the court's ruling is definitive, nothing . . . prohibits the court from revisiting its decision when the evidence is to be offered."); *Luce v. United States*, 469 U.S. 38, 41–42 (1984) ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

**IT IS SO ORDERED.**

Dated: May 17, 2021

*/s/ Mark C. Scarsi*
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

---

[1] The Court declines to consider Defendant's reply, as the Court's order precludes a party from filing a reply. Order re: Jury/Court Trial 8 (stating "there will be no replies" filed for motions in limine).