NELSON MULLINS RILEY & SCARBOROUGH LLP
LISA M. GIBSON (SBN 194841)
SHAWTINA F. LEWIS (SBN 259255)
19191 South Vermont Ave., Suite 900
Torrance, CA  90502
Telephone:   424.221.7400
Facsimile:    424.221.7499
Email:         lisa.gibson@nelsonmullins.com
                   shawtina.lewis@nelsonmullins.com

Attorneys for Defendant
MCLAREN AUTOMOTIVE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

| | |
|---|---|
| ADDE ISSAGHOLI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MCLAREN AUTOMOTIVE, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-07616-MCS (KKx)<br><br>**DEFENDANT MCLAREN AUTOMOTIVE, INC.'S TRIAL BRIEF** |

Defendant McLaren Automotive, Inc. ("MAI") submits the following trial brief.

## I.    INTRODUCTION

This breach of warranty "lemon law" action involves a 2018 McLaren 720s (VIN SBM14DCA0JW002356) (the "Vehicle"), which was leased by plaintiff Adde Issagholi ("Plaintiff") on September 28, 2018, when he traded in a McLaren 570 and rolled $35,576.27 in negative equity from the McLaren 570 into the lease of the Vehicle. Plaintiff filed this lemon law action in July 2019 after the Vehicle was presented for repair on three occasions in 2019.

The Vehicle is essentially a hand-built race car for street use, generally referred to as being a "supercar" because of its high performance characteristics. The Vehicle lease was accompanied by MAI's 3-year limited vehicle warranty, which provided for the repair of verifiable defects in material or workmanship.

Plaintiff claims the Vehicle is subject to repurchase or restitution under the Song-Beverly Consumer Warranty Act because various repair issues with the Vehicle allegedly substantially impaired the use, value, or safety of the Vehicle. However, the Vehicle did not exhibit any repair issues that substantially impaired the use, value, or safety of the Vehicle, and it was repaired pursuant to the warranty when it was presented to an authorized McLaren dealership with a verifiable issue. Significantly, Plaintiff has not brought the Vehicle to any authorized McLaren dealership for any repairs since November 2019.

One of the main complaints by Plaintiff was rattles and shaking (which are common with supercars due to limited insulation). However, the inspections by both parties' experts confirmed the Vehicle was not rattling or shaking and, more importantly, it is operating properly and functioning as designed.

Plaintiff also has not actually sustained damages related to the Vehicle. Plaintiff and his accountant testified the lease and insurance payments for the Vehicle are made by a business called MereXMortals, which takes a business expense for the Vehicle. Plaintiff has not and does not make any payments for the Vehicle and, therefore, he has not been damaged in any way. Accordingly,

even if Plaintiff establishes a breach of warranty, Plaintiff is not entitled to an award of damages in this action.

## II. **BREACH OF EXPRESS WARRANTY CLAIM UNDER THE SONG-BEVERLY CONSUMER WARRANTY ACT**

To establish his claim for breach of express warranty under the Song-Beverly Act, Plaintiff must prove: (1) Plaintiff leased the Vehicle distributed by MAI; (2) MAI provided to Plaintiff a written warranty which stated that MAI would repair or replace defects in material or workmanship in the vehicle covered by the applicable warranties; (3) The Vehicle had a defect or defects covered by the warranty that substantially impaired the use, value or safety of the vehicle to a reasonable person in Plaintiff's position; (4) Plaintiff delivered the Vehicle to MAI or its authorized repair facilities for repair of the alleged defect(s); (5) MAI or its authorized repair facility failed to repair the Vehicle to match the written warranty after a reasonable number of attempts; and (6) MAI did not replace or repurchase the Vehicle. Judicial Council of California Civil Jury Instructions ("CACI") No. 3201; Cal. Civ. Code §1793.2(d).

However, a manufacturer is not liable for breach of warranty if it successfully repairs a vehicle under the applicable warranty. Rather, a manufacturer is only found liable if it fails to repair a vehicle to conform to its express warranty after a reasonable number of attempts to repair the alleged "nonconformity." Cal. Civ. Code §1793.2, subd. (d)(1).

Moreover, the repair issue must constitute a "nonconformity" as defined under the Song-Beverly Act. The Act is clear that a "nonconformity" means "a nonconformity that ***substantially impairs the use, value or safety of*** the motor vehicle to the buyer." Cal. Civ. Code §1793.22, subd. (e)(1), emphasis added; *see also Johnson v. Ford Motor Co.*, 35 Cal. 4th 1191, 1211 (2005). The Song-Beverly Act expressly contemplates, therefore, affording relief only where there is *substantial* impairment. However, the impairment claimed by Plaintiff is not the

type of substantial impairment contemplated under the Song-Beverly Act.

In *Johnson*, the California Supreme Court recognized that not every vehicle with a defect is a lemon. The Court stated:

> Even a vehicle with a defect is not necessarily a lemon. A 'nonconformity' requiring the vehicle's refund or replacement under our law must 'substantially impair the use, value or safety of the new vehicle.' (§ 1793.22, subd. (e)(1).) Not every customer complaint about a new car, or even every valid customer complaint, rises to that level. And customers and manufacturers frequently disagree whether a defect has been repaired or a reasonable number of repair attempts have been made.

*Id*. at 1211.

Moreover, a plaintiff is entitled to relief under the Song-Beverly Act only when "a reasonable number of repair attempts" have been made unsuccessfully to repair the "same nonconformity" which is covered by the warranty. Cal. Civ. Code §1793.22, subd. (b). Thus, a plaintiff is not entitled to relief for alleged nonconformities which were the subject of a single complaint and were repaired successfully under the warranty. Further, a plaintiff may not recover under the Song-Beverly Act if the "nonconformity" is the result of the plaintiff's unauthorized or unreasonable use of the vehicle. Cal. Civ. Code § 1794.3.

In this case, there was no breach of the express warranty because the Vehicle did not have a defect covered by the warranty which substantially impaired the use, value or safety of the Vehicle that MAI was not able to repair after a reasonable number of attempts. As confirmed by both experts during their inspections, the Vehicle is fully functional, operates as designed, and Plaintiff has not brought the Vehicle to an authorized dealership for any repairs since November 2019.

### III. BREACH OF IMPLIED WARRANTY CLAIM UNDER THE SONG-BEVERLY CONSUMER WARRANTY ACT

To establish his claim for breach of implied warranty under the Song-Beverly Act, Plaintiff must prove the Vehicle: (1) did not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

which such goods are used, (3) was not adequately contained, packaged, and labeled, or (4) did not conform to the promises or affirmations of fact made on the container or label. Cal. Civ. Code § 1791.1.

Significantly, "[u]nlike express warranties, which are basically contractual in nature, the implied warranty of merchantability arises by operation of law. [Citation.] ***It does not 'impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality***.'" *American Suzuki Motor Corp. v. Superior Court*, 37 Cal.App.4th 1291, 1295-1296 (1995), emphasis added. Thus, a breach of the implied warranty of merchantability means the product did not possess even the most basic degree of fitness for ordinary use. Cal. Comm. Code § 2314, subd. (2). Courts have held that ***in the case of automobiles, the implied warranty of merchantability can be breached only if the vehicle manifests a defect that is so basic it renders the vehicle unfit for its ordinary purpose of providing transportation***. *American Suzuki*, 37 Cal.App.4th at 1296. A "breach of the implied warranty of merchantability means the product did not possess even the most basic degree of fitness for ordinary use. (Cal. U. Com. Code § 2314, subd. (2).)" *Mocek v. Alfa Leisure, Inc*., 114 Cal.App.4th 402, 406 (2003).

Plaintiff must prove the subject vehicle failed to meet one of the four provisions of merchantability as set forth by Civil Code section 1791.1, which Plaintiff has not and cannot do here. "Although uncommon in everyday use, the phrase 'pass without objection in the trade under the contract description' is…'more or less a synonym of 'fit for ordinary purposes,''" but focuses more precisely "…on trade usage, similar goods, and the seller's conduct." Thus, to a certain extent prongs 1 and 2 "…overlap to some degree." *Brand v. Hyundai Motor Am.*, 226 Cal. App. 4th 1538, 1545-46 (2014), citations omitted.

As a matter of law, the Vehicle passes prong 3 because Plaintiff does not allege and has no evidence that the subject vehicle was not adequately contained,

packaged, or labeled and it passes prong 4 because Plaintiff does not allege or have any evidence that the Vehicle did not conform to the promises or affirmations of fact made on the container or label. The Vehicle also passes overlapping prongs 1 and 2 because the Vehicle was operable and capable of providing transportation, as confirmed by both parties' experts. As such, the evidence establishes the Vehicle is fit for its ordinary purpose because (1) Plaintiff has not brought the subject vehicle to the dealership for a repair since November 2019; (2) Plaintiff testified the Vehicle has been repaired; and (3) Plaintiff has driven the subject vehicle with no further problems.

## IV. PLAINTIFF HAS NOT BEEN PERSONALLY DAMAGED

In order to recover under the Song-Beverly Act, Plaintiff must establish that he has been "damaged" by a violation of the Act. Cal. Civ. Code § 1794(a). A plaintiff is only entitled to recover monetary damages actually incurred under the Song-Beverly Consumer Warranty Act. *Bishop v. Hyundai Motor America*, 44 Cal. App. 4th 750, 758 (1996).

In *Bishop*, the plaintiff argued that she was entitled to compensation for loss of use of the vehicle even though she did not incur any out of pocket loss. The Court rejected plaintiff's contention and held that only damages for monetary losses *actually incurred* were allowed under the Act. The Court recognized that under Civil Code section 1794, a plaintiff may only recover specified actual damages for breach of warranty. *Id*. at 757-58, *citing Kwan v. Mercedes-Benz of North America, Inc*., 23 Cal. App. 4th 174 (1994). The Court stated:

> The limitation is consistent with all other statutory provisions and authorities referring to breach of contract damages in that it permits a buyer to recover monetary losses, but not be 'compensated' for 'losses' resulting in no monetary deprivation.

*Id*. at 758.

It is undisputed that Plaintiff did not make any lease or insurance payments for the Vehicle. Plaintiff also did not produce any facts or documents to establish

he personally sustained any losses or damages with the Vehicle. Accordingly, Plaintiff has not been personally damaged and, therefore, cannot recover damages in this action.

## V. AN AWARD OF CIVIL PENALTIES IS NOT WARRANTED IN THIS ACTION

### a. There is No Evidence of Willfulness to Support Civil Penalties

Plaintiff alleges he is entitled to a civil penalty pursuant to Civil Code section 1794, subdivision (c). However, Plaintiff cannot establish that MAI willfully violated its obligations under the Song-Beverly Act. Cal. Civ. Code §1794, subd. (c). A violation is not willful if MAI reasonably and in good faith believed that the facts did not require the repurchase or replacement of the vehicle. Among the factors to be considered by the jury are whether MAI knew the vehicle had not been repaired within a reasonable period or after a number of attempts, and whether MAI had a written policy on the requirement to repair or replace. *See Jensen v. BMW of North America, Inc.*, 35 Cal. App. 4th 112, 136 (1995).

Furthermore, "the penalty under section 1794(c), like other civil penalties, is imposed as punishment or deterrence of the defendant, rather than to compensate the plaintiff. In this, it is akin to punitive damages. Neither punishment nor deterrence is ordinarily called for if the defendant's actions proceeded from an honest mistake or a sincere and reasonable difference of factual evaluation. As our Supreme Court recently observed, '. . . courts refuse to impose civil penalties against a party who acted with a good faith and reasonable belief in the legality of his or her actions.' " *Kwan v. Mercedes Benz of North America, Inc.*, 23 Cal. App. 4th 174, 184-85 (1994), citation omitted.

There is no evidence to establish MAI's alleged failure to repurchase or replace the Vehicle was willful. In fact, the Vehicle was repaired under the warranty for separate issues each time it was brought to the authorized repair facility at no cost to Plaintiff. Further, at the time the Vehicle was inspected in

August 2020, the Vehicle was operating as designed and functioning properly. Moreover, Plaintiff has not brought the Vehicle in for any repairs since November 2019.

### b. There is No Basis for a Civil Penalty Without a Showing of Willfulness

Although Civil Code section 1794, subdivision (e) provides an alternative avenue for Plaintiff to obtain civil penalties without a showing of willfulness, it is inapplicable herein.

In *Suman v. Superior Court*, 39 Cal.App.4th 1309 (1995), the jury awarded the plaintiff compensatory damages finding the subject vehicle was a lemon, but did not award civil penalties. The plaintiff appealed because (1) BMW did not maintain a qualified third-party dispute resolution program and (2) the jury instructions only allowed the jury to award civil penalties for a "willful" violation of Song-Beverly. The court of appeal reversed, clarifying that "[i]n contrast [to subdivision (c)], much of subdivision (e) of section 1794 is devoted to setting out methods by which a manufacturer of new motor vehicles can avoid incurring civil penalties." *Suman*, 39 Cal.App.4th at 1318. Thus, "subdivision (e) offers manufacturers an incentive (carrot) for… maintaining a dispute resolution process." *Id*.

However, and very significantly, civil penalties under subdivision (e) are ***not*** available without a written demand by the consumer. *Id*. ("As a means of encouraging consumers to communicate their troubles to the manufacturer prior to filing a law suit, paragraph (3) of subdivision (e) provides that before a consumer can receive civil penalties under subdivision (e) in a lawsuit against the new motor vehicle manufacturer, ***the consumer must have first attempted a reasonable number of times to get his or her new vehicle repaired by the manufacturer or its agents and must also have served on the manufacturer 'a written notice requesting that the manufacturer comply with paragraph (2) of subdivision (d) of***

*Section 1793.2*' (the 'replace or reimburse' provisions)."). Thus, the court found that "subdivision (e) seeks to ensure that courts of law are used as a last resort by consumers of new motor vehicles." *Id*.

Contrary to Plaintiff's representations, and as testified to by Patrick Dahlberg (Client Services Manager of MAI), MAI *does* maintain an alternative dispute resolution program through the Better Business Bureau and is in the process of seeking state qualification. Moreover, Plaintiff did not serve a written notice to MAI to comply with paragraph (2) of subdivision (d) of Section 1793.2 prior to filing his lawsuit. As such, civil penalties cannot be awarded pursuant to Civil Code section 1794, subdivision (e).

## VI.  CONCLUSION

Although MAI is fully prepared to defend itself at trial, MAI is open to resolving this case for a reasonable amount to avoid litigation costs associated with trial. To that end, MAI would submit to a meaningful mandatory settlement conference before trial begins to attempt to resolve this matter.

Dated: July 9, 2021

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:   */s/ Lisa M. Gibson*
        Lisa M. Gibson
        Shawtina F. Lewis

Attorneys for Defendant
MCLAREN AUTOMOTIVE, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2021, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses for counsel of record registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

By: /s/ *Lisa M. Gibson*
Lisa M. Gibson